## Grove's Estate.

1. A testator gave to his wife " all my property and estate, real and personal, rights and credits whatsoever may belong to me at the time of my decease, to be absolutely her own for and during her life, giving her full power to collect and receive all or any debts due me, or to become due, at her pleasure ; if in any case or cases it may be necessary to bring suits she may order it to be done in the name of my executor for her use, being herself responsible for costs, if any. And all or any residue of my estate over and above the special legacies hereinafter bequeathed, she may dispose of by her will, together with such estate as she may acquire as her own. She may sell the real estate or any part thereof and execute the necessary title therefor, which shall be as good to the purchaser as if made by myself in my lifetime ; but shall always keep as much secure as will pay the legacies herein bequeathed, and her estate shall be liable for the amount, to be paid after her death." He then gave certain legacies, directing them to be paid as soon as could be after his wife's death, and if there should not be enough assets to pay them, they were to abate rateably. " By this I mean, that if my wife should not have enough over the amount of the legacies to live comfortably, she may take or appropriate as much of my estate as she may from time to time deem necessary for her comfortable living, and in that case my legatees hereinbefore named shall be satisfied with their proportion of what may be left; or if she should require the whole of said amount of legacies for her comfortable living, said legatees must be satisfied without receiving any part thereof. But she cannot by her will bequeath to others any portion or all said amount of legacies by me herein bequeathed ; she can only use said amount of legacies or such part thereof as she may need for her comfortable living during her life." *Held,* to be an absolute gift of all the estate, real and personal, to the wife, except the " special" legacies in which she had a life estate.

2. The limitation " for her life," was inserted but as a means for securing the payment of the pecuniary legacies.

May 7th 1868.   Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Appeals from the Orphans' Court of *York county*: Of May Term 1868.

These were appeals from the decree of distribution of the estate of Henry Grove, deceased. The decedent died prior to the 23d of April 1868, on which day his will, made in February 1856, was proved.

The will is as follows :—

" I give, bequeath and devise unto my wife, Sally Grove, all my property and estate, real and personal, rights and credits whatsoever may belong to me at the time of my decease, to be absolutely her own for and during her life, giving her full power to collect and receive all or any debts due me or to become due at her pleasure; if in any case or cases it may be necessary to bring suits she may order it to be done in the name of my executor for her use, being herself responsible for costs, if any. And all or any residue of my estate over and above the special legacies hereinafter bequeathed, she may dispose of by her will together

[Grove's Estate.]

with such estate as she may acquire as her own. She may sell the real estate or any part thereof, and execute the necessary title therefor, which shall be as good to the purchaser as if made by myself in my lifetime, but shall always keep as much secure as will pay the legacies herein bequeathed, and her estate shall be liable for the amount to be paid after her death.

"Also, I give and bequeath to George Swartz, or his heirs, $2000.

"Also, I give and bequeath to Jonathan Swartz, or his heirs, $500.

"Also, I give and bequeath to Reuben Swartz, or his heirs, $500.

"Also, I give and bequeath to Jacob Sours, or his heirs, $500.

"All the above legacies specified to be paid to said legatees or their legal representatives, as soon after my wife's death as can conveniently be. If there should not be sufficient assets to pay the said specified legacies they shall receive proportional parts, so far as the assets will reach, as full satisfaction. By this I mean that if my wife Sally Grove should not have enough over and above the amount of the above legacies to live comfortably she may take or appropriate as much of my estate as she may from time to time deem necessary for her comfortable living, and in that case my legatees hereinbefore named shall be satisfied with their proportion of what may be left, or if she should require the whole of said amount of legacies for her comfortable living, said legatees must be satisfied without receiving any part thereof. But she cannot by her will bequeath to others any portion or all said amount of legacies by me herein bequeathed; she can only use said amount of legacies or such part thereof as she may have need for her comfortable living during her life.

"And lastly, I nominate and appoint my brother-in-law, David Swartz, to be the executor of this my will."

The testator left personal estate of the value of about $10,000, and a house and lot in the borough of Hanover. His wife had little or no separate property, either at the date of his will or at his death. She afterwards married Henry Felty, and died, leaving him to survive her, having made a will proved April 4th 1861, by which she directed, amongst other things, as follows:—

"I direct my executors to sell my house and lot after my death to the best advantage as soon as may be, either the house with half the lot separate or else the whole together, as they may find it best to sell for the highest price." *   *   *   *   *

"And the balance of my worldly estate I give and bequeath in twenty-three equal shares unto my twenty-three following named nieces and nephews, viz.:" (naming them.)

"All my estate, real, personal and mixed, I so bequeath as

[Grove's Estate.]

above mentioned, and authorize my executors to make and execute good and sufficient titles for any real estate they may sell, the same as I myself could if living, for what they sell after my death."

The appointed executors renounced, and administration with the will annexed was granted to David Swartz, executor, &c., of Henry Grove's will. The house and lot mentioned in her will, which was that of which Henry Grove died seised, was sold by her administrator Swartz, the net proceeds being $1825.

Swartz, as executor, &c., of Henry Grove, settled his account, including in the charges the proceeds of the house and lot. The balance on his account was $5,599.89; it was referred to W. W. Chapman, Esq., as auditor for distribution. The auditor stated the question thus:—

"What estate did Sally Grove take under the above provisions of the will? On the one hand it is contended that she took a life estate with a power of appointment; and on the other hand that she took subject to the special legacies an estate in fee simple."

And in an able and well considered report, he awarded the proceeds of the lot to David Swartz, administrator *c. t. a.* of Sarah Felty, and the remainder to the legatees under the will of Grove.

The heirs of Henry Grove excepted to the report, that the balance on the administration account had not been awarded to them.

The legatees under Mrs. Felty's (late Grove) will excepted to the report, that the auditor had not awarded the whole fund to them.

The Orphans' Court (Fisher, P. J.) dismissed all the exceptions and confirmed the report of the auditor, which on appeal by the exceptors was assigned for error.

*J. Gibson* (with whom was *W. A. Sponsler*), for the legatees of Mrs. Felty.—Such expressions as are used in Grove's will in limiting the wife's estate cannot be enlarged into a fee: Dewitt *v.* Eldred, 4 W. & S. 422; Stevens *v.* Winship, 1 Pick. 318; Larned *v.* Bridge, 17 Id. 339; Cowles *v.* Cowles, 3 P. F. Smith 175; Ref. Ch. *v.* Disbrow, 2 Id. 220; Keefer *v.* Schwartz, 2 Wright 503; Morgan *v.* Surman, 1 Taunt. 289; Sugden on Powers 219; 13 Law Lib.

*J. L. Mayer*, for heirs of Henry Grove.—Sarah Grove had but a power, and equity cannot compel the exercise of a power: 2 Sugden on Powers 158; Talmadge *v.* Sill, 21 Barb. (Sup. C.) 34; Surman *v.* Surman, 5 Madd. 30; German *v.* German, 3 Casey 118; Candler *v.* Dinkle, 4 Watts 145; Cowles *v.* Cowles, *supra.* The power to dispose by will did not increase her estate:

[Grove's Estate.]

Freeland *v*. Pearson, 4 Law Rep. (3 Eq. Cas.) 658, 4 Kent Com. 331; Campbell *v*. Carson, 12 S. & R. 54; Hogan *v*. Jackson, Cowper 299; Smith *v*. Fulkinson, 1 Casey 109; Musselman's Est., 3 Wright 469; Silknitter's Appeal, 9 Id. 365; Mütter's Est., 2 Id. 314; Brownfield's Est., 8 Watt 465; Diehl's Appeal, 12 Casey 120; Jauretche *v*. Proctor, 12 Wright 466; Ref. Ch. *v*. Disbrow, *supra;* Kinter *v*. Jenks, 7 Wright 445.  Did Mrs. Grove execute the power?    Bradley *v*. Westcott, 13 Ves. 452; Wood's Est., 1 Barr 368; Lovell *v*. Knight, 3 Simons 289; 1 Sugden on Powers 403; Cleve's Case, 4 Rep. 17; Birdsall *v*. Richards, 6 Harris 256. Powers cannot be delegated: 2 Sugden on Powers 214; 4 Kent's Com. 320; Chew *v*. Nicklin, 9 Wright 87; Edwards' Appeal, 11 Id. 153; Nannock *v*. Horton, 7 Ves. 391; Jones *v*. Tucker, 2 Meriv. 533; Jones *v*. Curry, 1 Swanst. 66; Hughes *v*. Turner, 3 Myl. & Keene 698.

*V. K. Keesey* and *T. E. Cochran,* for appellees.—The first taker is presumed to be the chief object of the testator's bounty : Still *v*. Spear, 9 Wright 170; Amelia Smith's Appeal, 11 Harris 9. There is no devise over : Bromfield's Est., Silknitter's Appeal, Jauretche *v*. Poctor, Ref. Ch. *v*. Disbrow, *supra;* Wilson *v*. McKeehan, 3 P. F. Smith 79; Rewalt *v*. Ulrick, 11 Harris 388.; Pennock's Est., 8 Id 268; Musselman's Est., Mütter's Est., Kinter *v*. Jenks, Diehl's Appeal, *supra;* McAllister *v*. Tate, 11 Rich. 509; 2 Redf. 721, pl. 43; Naglee's Appeal, 9 Casey 89; Maxwell's Will, 24 Beavan 246; Morris *v*. Phaler, 1 Watts 339.

The opinion of the court was delivered, May 14th 1868, by
AGNEW, J.—We think the auditor was right in his interpretation of the will of Henry Grove, deceased.    The testator devised and bequeathed to his wife, Sally Grove, all his property and estate, real and personal, rights and credits whatsoever to be absolutely her own; and notwithstanding he added "for and during her life," it is evident this was but as a means of securing the pecuniary legacies he specially bequeathed to the sons of Jonathan Swartz and Henry Louis, and not for the purpose of limiting her estate.    That he intended his wife to have his whole estate beyond the legacies, the real in fee and the personal absolutely, is evident from many considerations.    He blended his real and personal property into one mass and gave it absolutely.    His wife manifestly was not merely the chief but the only object of his bounty.    He had no issue at the execution of his will and left none at his death.    He made no devises or bequests except the pecuniary legacies stated, and no devise over after his wife's death of either real or personal estate; but, on the contrary, provided that all the residue of his estate over and above the special legacies, as he termed them, might be disposed of by his wife by will,

[Grove's Estate.]

and not simply by a will as the new instrument of the execution of a power, for he added "together with such estate as she may acquire as her own," thus classing it with her own property. He then gave her full power to sell the real estate and make a good title to the purchaser, and made no disposition of the proceeds of the sale excepting that he added "but shall always keep as much secure as will pay the legacies herein bequeathed, and her estate shall be liable for the amount to be paid after her death," thus clearly indicating that all of the proceeds over and above the amount of the legacies would fall into her estate. He did not rest his dispositions here but after providing that the legacies should be paid as soon after his wife's death as could be convenient, he further provided, in the case of a deficiency of assets, that the legacies themselves should abate proportionately, and if a part or the whole were necessary to her comfortable living, she might appropriate a part or even the whole for this purpose, and the only restriction he imposed upon her was that she should not use or bequeath to others any portion of the *legacies*, unless as she might have need of the same for her comfortable living. Taking the entire will together and reading it as a whole, there can be no reasonable doubt that the testator in introducing the words indicating a limitation for life, did so merely to secure the payment of the special legacies, and that he intended that his wife should have all the residue of his estate, including the proceeds of the real with the personal.

The decree is affirmed with costs to be paid by the appellant.