HeNdersoN, Judge,
 

 delivered the opinion of the Court.
 

 The fundamental rule in the construction of wills is, that the intention of the testator, if not inconsistent with the law, shall prevail $ and ail artificial rules have that object in view j and all the cases cited by the Defendant’s counsel and relied on in this case, are bottomed upon that rule. As where an estate is given to one for life, with a remainder that is void, and the executor is excluded, it raises a presumption that the legatee for life shall have the whole interest, because there is none other mentioned in the will to take, after the determination of tiie life estate. But I cannot imagine a case, where .a legacy can be claimed
 
 under
 
 a will, in express opposition to the plain intention of the testator, it is a contradiction in terms. But there are many cases., where the next of kin take in express opposition to the words of a will ,• there they take as next of kin under the law, and not under the will. For the right of the next of kin is defeated only by a substitution of some person to take in their place, and not by a declaration that they shall not take. As if a man by his will were to declare, that his next of kin should have no part of his estate, and not direct who should take : the next of kin would take, not under the will, but under the law. The wife’s claim in this case is
 
 under
 
 the will, that, is,
 
 that her Ufe estate shall be extended into an absolute interest, because the ultenor limitations are void, and the executors
 
 
 *114
 

 are excluded ;
 
 which might raise a possible intent in her favor, were it not that there are words in the will in express opposition to such claim. And although she will £ajiC j)ai.t as one 0f the distributees, she will take nothing as legatee. Therefore she had nothing to bequeath to the defendant ,• for her interest, as one of those among whom the residue of the estate undisposed of by the will was to be divided, was not such an interest before the assent of the executors, as vested a legal title in her legatee.
 

 Next, as to the right of the executors. Although all beneficial interest may be taken from them by the will, this does not affect their interest as executors or trustees, or that interest arising from their office of executors, which is necessary to perform the trusts of the will, or the trusts raised by law. They therefore are entitled to the possession of the
 
 negroes;
 
 nor will the assent given to the life estate, debar them from regaining the possession. An assent to a legacy passes an interest co-extensive with that
 
 legacy;
 
 and where there is a legacy to one for life or years, with a remainder, an assent to the legacy to the particular tenant, is an assent to the person in remainder, according to the English
 
 law;
 
 for they both, in law, constitute but one legacy. But where there is no remainder, the assent enures to the benefit of the particular tenant only j and the executor has a right to the possession of the chattel again, to perform the other trusts of his office. This-doctrine is illustrated by the decision of this Court in the case of Dunwoodie’s executors
 
 v.
 
 Carrington,
 
 *
 
 if it needed illustration.
 

 In what manner the executors are to dispose of the property, is not, nor can it be brought before the Court in the present action, however much it may be desired by those interested in the
 
 question;
 
 they are not parties to this suit, and their rights cannot be adjudicated.
 

 The Court are of opinion that the Plaintiffs arc-entitled to recover.
 

 *
 

 2 Law Repos, 469.