| 8w465
|148  580|

## Brownfield's Estate.

A bequest of personal estate to a legatee for life, without any disposition of it over after her death, may be paid to her absolutely by the executor, and will be credited to him upon the settlement of his administration account.

APPEAL from the decree of the orphans' court of *Fayette* county.

Thomas Brownfield, deceased, by his last will and testament, made the following disposition of his estate:

" First, I give and bequeath to my beloved wife, Mary Brownfield, one full third of the profits of my real estate and one third of my personal estate, during her life, after my just debts paid. I do also give and bequeath to my eldest daughter, Elizabeth Brownfield, she being a lunatic, meat, drink, food and apparel, washing and lodging, as her situation may require, to be taken out of my real and personal estate, at the discretion of my executor. I also give and bequeath to my daughters, Lydia and Sarah Brownfield, one good feather bed and bedding a piece. I also give and bequeath to my daughters, Ann and Lydia, and to my youngest son Isaac Brownfield, the profits of the other two remaining thirds of my real estate, during the life of said wife, Elizabeth and Ann Brownfield. And the remainder of my personal estate I give to my daughters, Ann and Lydia Brownfield, equally, the support of my eldest daughter, Elizabeth, being taken out as aforesaid."

Thomas Brownfield, the executor, upon the settlement of his administration account, charged himself with the personal estate, amounting to 2307 dollars, and prayed a credit for the payment of 850 dollars to Mary Brownfield, the widow. The allowance of this credit was the subject of exception by the legatees, Ann and Lydia, who claimed as residuary legatees, on the ground that the widow was entitled to but a life interest in the one third of the personal estate, and that it was embraced in the residuary clause of the will after her death, which it was admitted had then happened.

The court below (Ewing, president) was of opinion that the residuary bequest did not embrace the subject of controversy; and there being, therefore, no other disposition of that part of the estate than that made to the widow, she took it absolutely, and affirmed the account as stated.

*Deford*, for plaintiff in error.
VIII.—2 P

### [Brownfield's Estate.]

In this case the only question is, whether the executor ought not to be charged with the sum of 850 dollars 84 cents paid over by him to the widow Mary Brownfield, inasmuch as by the will she had but a life estate in it.

That an executory devise may be made of personal property, money, or real estate, at this day, is clearly established by the following cases; 1 *Fern. on Cont. Rem.* 26, 30; 2 *Ibid.* 133; 2 *Kent's Comm.* 352–4. That the executor, then, was bound to take security from the widow for the amount paid to her, as it was reduced to money, and is now liable to account for it, I think is fully shown from the following authorities: 17 *Serg. & Rawle* 293; 5 *Watts* 108; 2 *Kent's Comm.* 352–4; 7 *Watts* 15. Had this case occurred since the act of the 24th of February 1834, there could be no doubt on the subject; and I think there was none before, under the cases referred to above.

As to the case of Brinton's Estate, relied on by the *opposite side,* as reported in 7 *Watts* 203, it only decides what was before settled, that where personal property is specifically bequeathed with a limitation over, the executor is only bound to take a receipt for the articles containing a stipulation for the return at the first devisee's death. As to the small sum of money paid to the widow in the case of Brinton's Estate, it was proved that she had paid it over to the heirs in her lifetime; so that this case does not militate against the doctrine laid down in the same book, (page 15,) and the cases before referred to, that where the personal goods are of a great value, or are reduced to money, the executor is bound to take security from the first taker.

As to whether this sum is bequeathed over by the testator to his two daughters Ann and Lydia; I think it is plain from the will, that the word "remainder" was used in a legal sense. The court will perceive that the testator's real and personal estate are both bound for the maintenance of his daughter Elizabeth, a lunatic, at the discretion of the executor; so that the testator could not have contemplated an immediate receipt of the "remainder" of his personal estate by Ann and Lydia, as it was incumbered with the support of Elizabeth during her life. And whether the testator used the word *remainder* in a technical or popular sense makes no difference, as the widow only had a life estate in the money, and it would go over to the heirs of the testator at her death. But the whole remainder of his personal estate is willed to Ann and Lydia in much the same words used in the cases referred to; and no presumption can be made of an intent to die intestate as to any part of his estate, when the words of the will carry the whole. 1 *Watts* 475.

*Wells*, for plaintiff in error.

There is no limitation over; the word *remainder* in the subsequent clause of the will as above, evidently relates to the two-thirds of his personal estate not given to his wife Mary Brownfield, because

[Brownfield's Estate.]

he directs, in a former item, that the maintenance of his eldest daughter Elizabeth (a lunatic) shall be taken out of his real and personal estate entire; and yet, in the clause directing the disposal of the remainder of the personal estate to Ann and Lydia, he declares that the support of his eldest daughter Elizabeth shall be taken out as aforesaid—that is, after deducting the one-third bequeathed to his wife. The testator also directs in the same bequest that the profit of the "other two remaining thirds" of his real estate, during the life of his said wife, shall go to Ann and Lydia, and the remainder of his personal estate shall go to Ann and Lydia equally; evidently meaning that portion of his personal estate which could have been enjoyed *in presenti* along with the "other two-thirds" of the profits of his real estate devised to Ann and Lydia during the life of his wife.

The testator uses the word "remainder" as he applies it to his personal estate in the same sense as the word "remaining," in that sentence, where he disposes of the two remaining thirds of his real estate, during the life of his wife, to Ann and Lydia; he could use the word in no other sense, because the law will not allow of limitations of personal estate by way of remainder. 2 *Freem.* 206; 1 *P. Wms.* 1; 1 *Bro. C. C.* 274; *Rop. on Leg.* 351. It is only by way of executory bequest or trust, that interests in the nature of remainder may be created by deed or will. If, therefore, the word *remainder* is not used in its technical sense, it must refer to that part of his personal estate, viz., the two-thirds not given to his wife, and to this only would Ann and Lydia be entitled.

There being no limitation over, the bequest of personal property is absolute. See the rule established in 5 *Johns. Cha. Rep.* 348.

The case in 7 *Watts* 203 establishes the former practice of Pennsylvania where there has been an express limitation over; the facts of that case are similar to the present, excepting the limitation.

It was the intention of the testator to give his wife two-thirds of the profits of his real estate for life, and one-third of his personal estate absolutely, because all the devises of the lands are to take place at the death of his wife.

Where a legacy is bequeathed upon condition (or for life), if it be not limited over, it is only *in terrorem.* 2 *Vern.* 20.

It has been the custom in Pennsylvania to consider an executor discharged when he has paid over personal property to the first devisee for life, and this is evinced not only by the decisions of the supreme court above cited, but by the intention of the legislature to remedy the practice by the passage of the act of 1834.

The executor was in the performance of his duty in paying the legacy to the widow to which she was entitled under the will, and he was not bound to take security that it should be refunded to the other legatees, even if they should be entitled. 9 *Serg. & Rawle* 423; 14 *Serg. & Rawle* 118; 7 *Watts* 203.

[Brownfield's Estate.]

The opinion of the Court was delivered by

KENNEDY, J.—The executor and accountant in this case claims a credit for 850 dollars, which he paid to the widow of the testator in her lifetime as one-third of the personal estate which remained after payment of the debts, and which, as the accountant alleges, she was entitled to receive as a legacy bequeathed to her by the testator in his will. The bequest is as follows:—" First, I give and bequeath to my beloved wife, Mary Brownfield, one *full* third of the profits of my real estate, and one-third of my personal estate, during her life, after my debts are paid." The testator then gives and bequeaths to his eldest daughter, Elizabeth Brownfield, she being a lunatic, meat, drink, food and apparel, washing and lodging, as her situation may require, *to be taken out of his real and personal estate*, at the discretion of his executor. Also, to his daughters Lydia and Sarah Brownfield, one good feather bed and bedding apiece; after which he gives in the following words:—" I also give and bequeath to my daughters, Ann and Lydia, and to my youngest son, Isaac Brownfield, the profits of the other two remaining thirds of my real estate, during the life of said wife, Elizabeth and Ann Brownfield; and the *remainder of my personal estate, I give to my daughters, Ann and Lydia Brownfield, equally, the support of my eldest daughter, Elizabeth, being taken out as aforesaid.*" Now it is clear, I think, that the testator gave by his will one-third of his personal estate, which should remain after payment of his debts, to his wife during her life, without any deduction from or charge upon it whatever. It is true, however, that he afterwards charges his real and personal estate with the support and maintenance of his daughter Elizabeth; but then this charge, in order to render the several parts of the will consistent with each other, can only be understood to embrace the two-thirds thereof not given to his wife, after taking therefrom the specific legacies, consisting of beds and bedding, bequeathed to his daughters Lydia and Sarah. Unless then there be a clear limitation of the third of the personal estate given to the widow, over to some other person or persons after her death, I take it that she was entitled to receive it from the accountant, and that he was bound to pay it to her without requiring any security from her except to refund for the purpose of paying debts which might thereafter be made to appear to exist against the estate. But if he omitted to take, or did not think it necessary to require such security, the only consequence was, that he made himself liable to pay such debts out of his own funds, not exceeding the amount that he paid to the widow. The question then presents itself, is this third of the personal estate which was bequeathed to the widow, given over after her death by the testator, in his will, to any other person or persons. It is claimed and insisted on for Ann and Lydia Brownfield, two of the daughters of the testator, who are the appellants here, that it is limited over to them by the following clause in the will:

" and the *remainder* of my personal estate I give to my daughters Ann and Lydia Brownfield, equally, the *support* of my eldest daughter Elizabeth being *taken out as aforesaid.*" The will, from its general phraseology, appears to have been drawn by a person who had acquired some knowledge of the appropriate use of terms employed in disposing of real and personal estate respectively by will; and he would seem to have avoided the indiscriminate use of the same words in disposing of the estate, whether it was real or personal; and if such were the case, it is not likely that he would have used the word " remainder" in this last recited clause, if the intention of the testator had been to limit the third of his personal estate, which had been given to his wife for life, over to the appellants after her death; because the law does not allow of a limitation of personal estate by way of *remainder*, in the proper sense of the term, after a previous gift of it to another for life, 2 *Rop. on Leg.* 351, though it will permit it to take effect as an executory bequest, where it is clearly and unequivocally so limited over. But it is obvious that is not the sense in which it was intended to be used here; because, then it would only have included that portion of the personal estate which was given to the wife for life, and not any portion of the remaining two-thirds. But from the words used in the latter part of the clause last recited, this was the identical portion of the testator's personal estate to which he intended to refer by the word " remainder." For, having shown, as I think above, that the two-thirds of his personal estate, which remained after the third allotted to his wife, and taking out of the said two-thirds the specific legacies of the two beds and bedding, given to Lydia and Sarah, was that portion of his personal estate which the testator has charged, and intended to charge with the support of his eldest daughter Elizabeth; it follows inevitably that the same portion of his personal estate which he had charged with the support of Elizabeth, is the same which he has given, subject to this charge, by the last recited clause to Ann and Lydia, the appellants; for the words of it are, " the *remainder* of my personal estate, the *support of my eldest daughter Elizabeth being taken out as aforesaid.* This support was not to be taken out of the wife's third; and, therefore, it cannot be any part of that remainder of the testator's personal estate that is given by this clause to Ann and Lydia. This being the case they have no interest in it, nor claim upon the accountant for it. The wife was entitled to receive it to dispose of as she pleased, there being no limitation over of it after her death. See 5 *Johns. Cha. Rep.* 348.

Decree affirmed.