# Appeal of Merkel et al., Administrators.

1. Where it appears from the entire language of a will, that the testator's real intention would be rendered more clear by transposing the order of his bequests, the court will construe the will as though the testator had written them in the transposed order. Thus, a bequest to testator's widow of "my remaining personal property" followed by pecuniary bequests, will be read as though written at the end of the will.

2. The first clause in a will, written by the testator himself, a farmer, in the German language, was: "I give and bequeath to my beloved wife, Susanna, my remaining personal property, it may be money, or whatsoever kind it will, to her full ownership as long as she doth live. Further I recommend that my hereinafter named executor shall see after that her money does not become lost." There was no disposition over. A subsequent clause bequeathed to testator's niece $3000 "which my hereinafter named executor shall pay to her as soon after the death of my wife:" *Held*, (1) that the residuary bequest to the widow should be read as if written at the end of the will. (2) That the widow took under that bequest an absolute estate in the personalty, and not a mere life estate. (3) The fact that the testator's executor would have been justified in retaining the principal of the $3000 legacy to the testator's niece, until the widow's death and in paying the interest thereon to the widow during her lifetime, did not make him a trustee for the widow as to the residue of the personal estate.

March 5th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J. absent.

APPEAL from the Orphans' Court of *Berks county:*   Of January Term 1885, No. 123.

Appeal of J. George Merkel and Edwin M. Shollenberger, administrators of the estate of Susanna Leibensperger, from the decree of said court, making distribution of the personal estate of Philip Leibensperger, deceased, in the hands of Jacob D. Leibensperger, executor of said Philip Leibensperger, upon the confirmation of his final account.

The facts were as follows: Philip Leibensperger, a farmer residing in Berks county, died November 6th, 1877, leaving to survive him a widow, and collateral heirs, viz., a brother and sister, and the children of a deceased brother and sister. His will, written by himself in the German language, was dated January 17th, 1872, proved November, 16th, 1877, and the following translation was admitted by counsel to be correct, viz.

In the name of God, Amen.

I the undersigned Philip Leibensperger of Richmond Township Berks County, in the State of Pennsylvania, in that I find myself in good health, as also of good memory and understanding, for which I heartily thank God, make and declare these presents to my last will and testament as follows, namely:

I give and bequeath to my beloved wife Susanna my remaining personal property, it may be money or whatsoever kind it will to her full ownership as long as she doth live.

Further I recommend that my hereinafter named executor shall see after that her money does not become lost.

I give and bequeath to my wife in addition the tract of woodland which is situated in Ruscombmanor Township, Berks County, as her property, as long as she doth live, to have the right to dig thereon for ore and to retain the revenues, she also dare take wood therefrom as much as she needs for her use it may be of *which* which kind it will, nevertheless she can sell it if she wishes.

Further I give and bequeath to my niece Marietta Leibensperger the sum of three thousand dollars which my hereinafter named executor shall pay to her as soon after the death of my wife but in case she should not live anymore then this sum shall be paid to her children should she die without children then to her brothers and sisters that are then living or do live.

Further, I give and bequeath to Jacob Leibensperger son of Solomon that my real estate which is situate in Richmond Township, Berks County, situate which is together one hundred and ninety-seven acres, therefor, he shall pay the sum of seven thousand dollars to the children of Daniel Leibensperger namely; Anna, Catharine, Marietta, Caroline, Amanda and John, but should one of Daniel Leibensperger's children

[Appeal of Merkel et al., Administrators.]

die without heirs then its share shall fall back to the yet living brothers and sisters or their children.

Further, I give and bequeath the half of the dwelling house to my wife Susanna, and kitchen and bakeoven for her dwelling as long as she is or does remain my widow.

Further, the owner of the land shall keep one cow for her, he shall give pasture and feed and stabling for one cow shall haul her fire wood for her.

Further, the owner of the land shall give one-fourth of an acre of ground to plant potatoes thereon, and a piece in the garden, and apples as many as she needs for her use.

And finally, I appoint Jacob Leibensperger as executor of this my last will and testament.

In testimony I have set my hand and seal the seventeenth day of January, A. D., eighteen hundred and seventy-two.

                          PHILIP LEIBENSPERGER.     [L. S.]
HENRY S. SHAFFER,
ISAAC S. SCHAEFFER.

The testator's widow, Susanna Leibensperger, died March 16th, 1882, intestate and without issue, and letters of administration on her estate were granted to J. George Merkel and Edward M. Shollenberger. During her lifetime the securities representing the personal estate of her deceased husband amounting to over $18,000, had remained in the custody of his executor, and she had drawn only a portion of the income thereof for her support.

After her death the executor of Philip Leibensperger, deceased, filed his final account, which was referred to an Auditor, C. H. Schaeffer, Esq., to audit, and to report distribution of the balance of personalty in his hands, which amounted to $19,081.60. The Auditor awarded to Marietta Leibensperger the legacy bequeathed to her in the will, and the balance was claimed, on the one hand, by the administrators of Susanna Leibensperger deceased, on the ground that under the will she took an absolute estate therein; and, on the other hand, by the collateral relatives of the testator, on the ground that the widow took only a life estate under said will, and the testator died intestate as to the remainder.

The Auditor sustained the claim of the former, and awarded the balance to them. Upon exceptions to his report, the Court, SCHWARTZ, P. J., sustained the claim of the latter, and decreed distribution accordingly, to the collaterals.

The administrators of Susanna Leibensperger thereupon took this appeal, assigning for error the sustaining the exceptions to the Auditor's report, and the said decree.

*Horace A. Yundt* (with him *D. N. Schaeffer* and *Daniel & James N. Ermentrout*), for the appellants.

*Jeff. Snyder* and *George F. Baer,* (*Wanner & Zieber* with them), for the appellees.

Mr. Justice PAXSON delivered the opinion of the Court, April 13th, 1885.

This contention arises out of the following clause of the will of Philip Leibensperger, deceased: "I give and bequeath to my beloved wife, Susanna, my remaining personal property, it may be money or whatever kind it will, to her full ownership, so long as she doth live. Further, I recommend that my hereinafter named executor shall see that her money does not become lost."

Mrs. Leibensperger survived her husband over four years. At her death the personal estate still remained in the hands of her husband's executor, she having drawn a portion only of the interest. The corpus thereof was claimed by her administrators, who are the appellants, and by the next of kin of her husband, who are the appellees. The Auditor awarded the fund to the appellants; the court below, upon exceptions filed, reversed the Auditor, and gave the fund to the appellees.

The language of the will above quoted is ample to vest the personal estate of the testator absolutely in his widow. It is a gift for life, without any limitation over, and without the intervention of a trustee. There is a line of decisions in this state which hold that such a bequest is absolute: Smith's Appeal, 11 Harris, 9; Brownfield's Estate, 8 Watts, 465; Diehl's Estate, 12 Casey, 120; Silknitter's Appeal, 9 Wright, 365; Grove's Estate, 8 P. F. S., 429. Authorities might be multiplied were it necessary.

We must give effect to the language above cited unless from the whole context of the will it clearly appears that the testator intended to limit his widow to a life interest in the personal estate. We say clearly appears, for it is not our purpose to grope for, or guess at, the testator's intention.

It is obvious that his wife was the first object of the testator's bounty. They were childless and left no lineal descendants in any degree. It was the more natural therefore, that he should provide liberally for his wife. The bequest to her is the first in order of time in the will. Next follows a devise to his wife of a small tract of woodland, "as her property, as long as she doth live, to have the right to dig thereon for ore and to retain the revenues; she also dare take wood therefrom

as much as she needs for her use it may be of which kind it will, nevertheless she can sell it if she wishes."

The question is not raised as to whether she took a life estate or a fee in this woodland; it will not be discussed here, further than to remark that it furnishes no ground to say that the testator intended an intestacy as to the personal estate.

Then follows a bequest to his niece, Marietta Liebensperger of $3000, to be paid upon the death of his wife, but in case of the death of said niece, then to her children, and in default of children, to her brothers and sisters then living.

Then follows a devise to Jacob Leibensperger (a nephew) of a valuable farm, he paying thereout the sum of $7000 to certain nephews and nieces, after which there are several unimportant provisions intended for the comfort of his widow.

It is difficult to see in this, and there is nothing else, an intention to limit his widow to a life estate in the personal property.

The recommendation to his executor to see that his widow's money "does not become lost" are precatory words, and since Pennock's Estate, 8 Harris, 268, have never been held sufficient to convert a devise or bequest into a trust. It does not take from the widow the control of the corpus, and the fact that she allowed it to remain in the hands of the executor, who appears to have been a prudent person, has no significance.

Much stress is laid upon the circumstances of the legacy to Marietta Leibensberger. This legacy as before stated, was not to be paid until after the death of the widow, and it was agreed that if the widow was to have all the personal estate, free from any trust, how was this legacy to be provided for? The answer to this is not difficult. The widow was to have all the personal estate left after the payment of debts and other bequests contained in the will. The personal estate was the natural and proper fund for their payment. There would have been no question about this had the bequest to the widow, which is practically of the residue, been inserted at the end of the will, instead of at the commencement. As was said by Chief Justice SHARSWOOD, in Fox's Appeal, 11 W. N. C., 236: " The order in which devises are made in a will are rarely of much importance. The legacy to the testator's wife's niece of the interest of $1000 . . . . . as well as the specific bequest of the old family clock to my oldest nephew or niece living, though subsequent in order to the devise of all his real and personal estate to his wife, were clearly gifts preceding it. The will ought to be read as if they were actually written before it. Then the gift to the wife is only that which remains."

So we say here. The bequest to the widow should be read

as if actually written at the end of the will. She then takes the "remaining personal property"; that is to say, remaining after other bequests which were properly payable out of the personal estate. Of such was the legacy to Marietta Leibensperger. As that was not payable until after the death of the widow, the interest of it would belong to the latter, and the executor would have been justified in retaining that sum out of the personal estate to meet this legacy, paying the interest to the widow in the meantime. To this extent there was an implied trust in the will, but no further. The executor was not in any legal sense a trustee for the widow as to the residue of the personal estate.

The fact that the personal estate was much larger than the widow, with her simple tastes and habits of economy, required for her support, and that in point of fact she used but a small portion of the income, is not important.

There is nothing upon the face of this will to indicate that the testator intended to die intestate as to the residue of the personal estate, and such an intent is never to be presumed.

We find nothing in the will to control the legal effect of the language used in the bequest to the widow. Under the intestate laws she would have been entitled to one half the personal estate absolutely, and one half of the income of the real estate. In the absence of any expressed contrary intent we must assume he intended to give her a fair equivalent for this. The collateral heirs say she brought him nothing in the way of estate. We do not know how this is, but we do know that the collateral heirs brought him nothing, and we have a right to presume that his wife by her care and thrift aided him in accumulating his estate, and nursed and cared for him in his sickness. He speaks of her in his will as his " beloved wife." She was evidently the principal object of his bounty, as well as of his affection. We are of opinion that she was entitled to the remaining personal estate absolutely.

> The decree is reversed at the costs of the appellees, and it is ordered that distribution be made in accordance with this opinion.