# National Live Stock Bank of Chicago, Illinois, Appellant, *v.* Maria Hartman.

*Will—Construction—Intent derived from meaning of words used.*

The canon of construction in the interpretation of wills, is that the question is not what the testator meant, but what is the meaning of words.

A gift to wife "of all my property, real, personal and mixed, to enjoy the same during her natural life," followed by a restriction that the real estate shall be sold only with consent of coexecutor, and by a clause directing collection of debts and application of interest to maintenance of wife and children, passes an absolute estate in the personalty to the wife.

Argued April 27, 1898. Appeal, No. 195, April T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1897, No. 24, in favor of defendant on answers to interrogatories. Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed. BEAVER, J., dissents.

Rule for judgment on answers to interrogatories. Before SHAFER, J.

It appears from the record that Peter Hartman died testate on February 8, 1876, naming as executors his wife, Maria Hartman, and his friend, Anthony Kunzler. The portion of the will causing the dispute is in these words: "I will, give and bequeath unto my beloved wife, Mariann Hartman, all my property, real, personal and mixed, of whatever nature and wherever the same may be at the time of my death, to enjoy

the same during her natural life, but not to dispose of any real estate, except it be with the consent of at least one of the co-executors, and who shall in such case join in the deed of conveyance of any property so sold; and I enjoin on my wife and her co-executors that they shall collect promptly all debts owing to me and invest the same in safe loans at interest, which said interest shall be used for the maintenance of my wife and children."

Judgment was obtained for the plaintiff for $560.08 and an attachment was issued on the said judgment, naming as garnishees, Maria Hartman and Anthony Kunzler, executors of Peter Hartman and the German Savings and Deposit Bank of Birmingham. Defendant claimed the benefit of the exemption act. Answers to the interrogatories filed were to the effect that the only property of defendant held by garnishee was ten shares of stock in said German Savings and Deposit Bank of Birmingham, still standing on the books of said bank, in the name of Peter Hartman, and having a market value of $1,600, there having accrued thereon dividends amounting to $270. After argument of the rule at the suggestion of the court, the following stipulation was made and entered into by and between the parties and duly filed: " And now, February 28, 1898, upon argument of the rule for judgment upon the answers heretofore filed, it is understood that the sole question for the determination of the court is whether under said will of Peter Hartman, the defendant took an absolute estate in the stock described in the answers or only a life estate therein; in the former case the rule shall be made absolute, and in the latter case, judgment shall be entered for defendant and garnishees. Reserving to each party the right to appeal to the higher courts."

Judgment was entered in favor of the defendant and garnishees and against plaintiff with costs. ` Plaintiff appealed.

*Error assigned* was entry of judgment in favor of defendant.

*William M. Benham*, for appellant.—An absolute gift of personalty for life, clothes the donee with all the attributes of ownership: Merkel's Appeal, 109 Pa. 235; Drennan's Appeal, 118 Pa. 176.

The presumption of law is that a testator did not intend to

die intestate as to any part of his estate : Merkel's Appeal, 109 Pa. 235; Redding v. Rice, 171 Pa. 301.

Absolute power of disposition and absolute ownership are inseparably connected, the person given the one thing, acquires the other by irresistible implication: Boyle v. Boyle, 152 Pa. 108; Markley's Estate, 132 Pa. 352.

In case of doubtful construction the law leans in favor of an absolute rather than a defeasible estate; of a vested rather than a contingent one; of the primary rather than the secondary intent; of the first rather than the second taker, as the principal object of testator's bounty: Smith's App., 23 Pa. 9.

*William Yost,* for appellee.—The giving of the real and personal property by the same words shows an intent to give the same interest in both: Morrison v. Semple, 6 Binney, 94; Drennan's Appeal, 118 Pa. 176.

No power was given, either to the wife separately, or conjointly with the executors, to sell the real estate, except by implication. This worked no conversion of the real estate: Martin's Appeal, 175 Pa. 114.

OPINION BY PORTER, J., July 29, 1898 :

It is sometimes difficult in the interpretation of wills to obey the canon of construction that the court must not determine the probable intention of the testator but what that intention is as expressed by the words of his will. " The question in expounding a will is not what the testator meant but what is the meaning of his words : " Hancock's Appeal, 112 Pa. 532, 541. In this case it may be that " his idea was that after his wife's death his· children would take the property," as held by the court below, but is this what he says in his will? We think not. The will provides: " I will, give, and bequeath unto my beloved wife, Mariann Hartman, all my property, real, personal and mixed, of whatever nature and wherever the same may be at the time of my death, to enjoy the same during her natural life." Then follows a restriction that the real estate shall only be sold with consent of the coexecutor. Finally the testator directs that the wife and her coexecutor " shall collect promptly all debts owing to me, and invest the same in safe loans at interest, which said interest shall be used for the main-

tenance of my wife and children." The gift in the first clause, to the wife, of the personal estate "to enjoy the same during her natural life" in the absence of a trust and of a remainder over, undoubtedly gave her an estate absolute to all thereof except perhaps to such part of it as consisted of debts due the testator and which are not involved in this controversy.

In Appeal of Merkel, 109 Pa. 235, the clause under consideration was: "I give and bequeath to my beloved wife, Susanna, my remaining personal property, it may be money or whatever kind it will, to her full ownership, so long as she doth live. Further, I recommend that my hereinafter named executor shall see that her money does not become lost." On this clause it is said by Mr. Justice PAXSON: "The language of the will above quoted is ample to vest the personal estate of the testator absolutely in his widow. It is a gift for life, without any limitation over, and without the intervention of a trustee. There is a line of decisions in this state which hold that such a bequest is absolute: Smith's Appeal, 23 Pa. 9; Brownfield's Estate, 8 Watts, 465; Diehl's Estate, 36 Pa. 120; Silknitter's Appeal, 45 Pa. 365; Grove's Appeal, 58 Pa. 429. Authorities might be multiplied if it were necessary." See also Cox v. Sims, 125 Pa. 525; Boyle v. Boyle, 152 Pa. 108; Markley's Estate, 132 Pa. 352; Drennan's Appeal, 118 Pa. 176.

The other clauses of the paragraph do not affect the construction placed upon the one creating the absolute ownership of the personalty. It is true that the real estate is included in the clause as well as the personalty. But there can be no presumption from this that the title to the personal property should follow the title to the real estate, even if it should be found that the title to the real estate was restricted to an estate for life. There is in respect to the real estate a restriction as to the power of alienation which nowhere is made applicable to the personal estate.

The last clause of the paragraph affects only debts owing to the testator. The personal property here in dispute is not affected by this clause. The attachment is levied upon certificates of bank stock owned by the testator and which still remain in his name and which formed the corpus of his personal estate.

Under the facts of this case, and keeping our eyes fixed on

the words of the will to determine their meaning, we are constrained to hold that an absolute interest passed to the widow and that the rule should have been made absolute under the stipulation filed in the court below.

Judgment reversed.

BEAVER, J., dissents.