MRS. IDA BURWELL v. RALEIGH BANKING AND TRUST COMPANY, TRUSTEE AND EXECUTOR OF L. D. BURWELL, DECEASED, AND THE TOWN OF LILLINGTON.

(Filed 26 September, 1923.)

**1. Wills—Interpretation—Estates—Possession—Remainders.**

Unless a contrary intent appears from the construction of a will, a devise of real property to one for life, remainder over gives to life tenant the right of possession and control during the continuance of his estate, subject to the debts against the estate: the same principle usually prevailing as to direct bequests of personal property, except where it is given as a residuary bequest, to be enjoyed by persons in succession, etc., when the property is converted into money and the interest paid to the legatees during the continuance of their respective estates.

**2. Same—Powers—Deeds and Conveyances.**

A devise of testator's real and personal property to his wife, to have and to hold and to use as her own as her necessities may demand during her life, and no more, and with further limitation in trust of the property left on hand, the personalty having been exhausted to pay decedent's debts: *Held,* the will expressed the intent that the widow should have possession and enjoyment only of the land during her life estate, under the prevailing rule of law, without power to sell or convey in fee.

CIVIL ACTION by the widow and devisee to recover control and possession of the real estate of L. D. Burwell, deceased, heard by *Horton, J.,* at chambers, 17 January, 1923, from HARNETT, on facts submitted.

It appeared that the rights of the parties are dependent upon the proper construction of the will of L. D. Burwell, deceased, and thereupon the court entered judgment, as follows:

"This cause coming on to be heard before his Honor, J. Lloyd Horton, and all parties thereto being present, in person or by attorney, and the plaintiff, prior to the hearing, having withdrawn all charges as to the mismanagement of the estate by the Raleigh Banking and Trust Company, executor, Marshall T. Spears, heretofore attorney for Mrs. L. D. Burwell, and Jones & Jones, attorneys for the Raleigh Banking and Trust Company, and having withdrawn all objection to said banking company as executor for the estate of said Burwell for the purposes of

administration, and having further withdrawn all claims against said banking company, and the issue being submitted to the court as to the right of Mrs. L. D. Burwell to have possession of the real estate belonging to the late L. D. Burwell not necessary for the payment of debts of said estate without supervision of the Raleigh Banking and Trust Company:

"It is considered, ordered and adjudged that Mrs. L. D. Burwell is entitled to the possession and control of all the real estate of the late L. D. Burwell not necessary to pay the debts of said estate, and that same be turned over to her; and it is further ordered that an account be made by the Raleigh Banking and Trust Company of all rents received by them from the real estate of said Burwell, and all moneys paid by them to Mrs. Burwell for maintenance, and that any sum in excess of payments by said bank to Mrs. Burwell received from said rents be paid to Mrs. Burwell without deductions for commissions on said rents.

"It is further ordered and adjudged that Mrs. L. D. Burwell shall keep said property, now insured by said banking company, insured by some reliable insurance company, in such amounts as the clerk of the Superior Court of Harnett County shall direct, and that she further pay the taxes for 1922 on said property now due and to become due during her lifetime.

"It is further ordered, by consent of all parties hereto, that the real estate of the said L. D. Burwell, deceased, may be sold for assets to pay debts, without reference to an automobile and household and kitchen belongings to the late L. D. Burwell, which is now used by Mrs. L. D. Burwell, and also stock in the Cape Fear Gin Company and the Lillington Warehouse Company.

"And it is considered, ordered and adjudged that the restraining order heretofore issued in this cause is hereby annulled and dissolved, and that the cost of this action be paid out of the funds of the estate.

"J. LLOYD HORTON, *Judge.*"

Defendant, the town of Lillington, excepts and appeals.

*Baggett & McDonald and J. Crawford Biggs for plaintiff.*
*Charles Ross for defendant, the town of Lillington.*

HOKE, J. The portions of the will which are controlling on the questions presented are as follows:

"Item 1. I give and devise to my beloved wife, Ida Burwell, all of my real estate that I may own at my death, and also all personal property, money and choses in action of every kind and description, for her to have and to hold and to use as her own as her necessities may demand

during her life, and no more, and at her death all of said property, including the land and personal property and moneys then on hand, I give and devise as follows:

"Sec. 1. That my executor, and trustee hereinafter named, shall take full charge of all my property left on hand at the death of my wife, Ida Burwell, and shall convert all personal property, choses in action and accounts into money, and the said executor and trustee shall rent out all of my real estate to the best advantage, and if at any time any of said real estate will not bring sufficient rent to make a reasonable income from said property, and the enhancement in value in the judgment of the said executor and trustee would not justify the holding of the same, then the said executor and trustee is hereby authorized to sell such property on such terms as to the said executor and trustee may seem best and most profitable to the said estate."

The remainder of the will constitutes the property coming to the trustee pursuant to the foregoing sections and L. D. Burwell memorial fund, with specific directions as to its management and disposition, including the construction and maintenance in conjunction with the town authorities of a municipal building for the town of Lillington, etc.

It is fully recognized that where real property is devised to one for life, remainder over, unless a contrary intent appears in the will, the life tenant is entitled to its possession and control during the continuance of the estate, subject always to its liability to creditors, under the provisions of law. And the same principle usually prevails as to direct bequests of personal property except where it is given as a residuary bequest to be enjoyed by persons in succession, etc., in which case the property is converted into money and the interest paid to the legatees during the existence of their respective estates. *Bryan v. Harper,* 177 N. C., 309; *Simmons v. Fleming,* 157 N. C., 389; *In re Knowles,* 148 N. C., 461-466; *Britt v. Smith,* 86 N. C., 305; *Ritch v. Morris,* 78 N. C., 377; *Smith v. Barham,* 17 N. C., 420.

On the present record it appears that all the personal property has been required for the payment of the testator's debts, only the question as to the realty being presented; and this being true, not only is there no intent expressed on the face of the will in contravention of the principle as stated, but a perusal of the instrument gives clear indication that the same is in affirmance of the rule generally prevailing on the subject, and that it was the intent of the testator that his entire property was to pass into the control and possession of his widow, "to have, hold and use as her own as her necessities may demand." And that only such of the property as is "left on hand" at the death of the wife is devised to the trustees to be converted into the memorial fund above referred to.

It may be well to note that under the terms of the will passing the property to the wife for her life, the added expression, devising to the trustees the property "left on hand at the death of my wife," confers on the wife no right to sell and convey the realty in fee, but such powers as are conferred upon her by the will as to that part of the property are restricted to proper enjoyment of the estate and interest given her, to wit, a life estate and "no more." *Miller v. Scott,* 185 N. C., 556; *Herring v. Williams,* 158 N. C., 1.

In our opinion the rights and interests of all the parties have been properly safeguarded, the judgment of his Honor is in accord with our decisions on the subject, and the same is in all respects

Affirmed.