W. C. ERNUL v. ROSA L. ERNUL, EXECUTRIX OF THE ESTATE OF F. S. ERNUL, DECEASED, AND ROSA L. ERNUL, GUARDIAN OF THE ESTATE OF MILDRED NELSON, AND MILDRED NELSON.

(Filed 10 March, 1926.)

**1. Trusts—Executors and Administrators—Courts—Advice.**

A trustee or executrix under a will may submit the construction of the will relating to a trust imposed, and its administration thereof, to the courts for advice therein for their protection.

**2. Same—Estates—Contingent Remainders—Money—Personal Property —Beneficiaries—Possession—Security.**

Where there is a bequest of personal property by will, a certain sum of money, with contingent limitation over, the beneficiary is ordinarily entitled to the possession, but should be required to give a bond for the protection of the interest of the contingent remainderman, when the beneficiary is a resident beyond the jurisdiction of our courts, or otherwise where the facts and circumstances apparently require that this precaution should be taken, unless the testator's contrary intent otherwise appears from a proper interpretation of the instrument.

**3. Wills—Interpretation—Estates—Contingent Remainders—Trusts.**

A devise of a certain sum of money to testator's minor daughter by an item of her father's will, but if she die before she marries and has children, her share "of my estate go back to my children," with a later residuary clause in which she is to share alike with the testator's other children: *Held*, the two items will be construed together as subject to the contingent limitation expressed in the preceding item.

**4. Same—Receiver—Investment of Funds—Interest.**

*Held*, under the facts of this case for a devise to the testator's daughter, a receiver will be appointed to invest the funds if she fails to give the security required, and the interest paid to her semiannually, after deducting taxes and legal expenses until the happening of the contingency, etc.

APPEAL by Rosa L. Ernul, executrix of the estate of F. S. Ernul, deceased, from *Bond, J.,* at October Term, 1925, of CRAVEN. Modified and affirmed.

Submission of controversy without action. *Facts*:

"(1) That W. C. Ernul is one of the children of F. S. Ernul named in the will of F. S. Ernul as hereinafter set out. And Mildred Nelson is the granddaughter of F. S. Ernul named in said will, and resides in the State of Illinois; all other parties are residents of North Carolina.

"(2) That F. S. Ernul died in Craven County on 10 May, 1923, leaving a last will and testament." The material items to be considered are:

" '6. I give, bequeath and devise to my granddaughter Mildred Nelson, five thousand dollars; I appoint my wife, Rosa L. Ernul, guardian

ERNUL *v.* ERNUL.

for Mildred Nelson, and if Mildred should die before she marries and has children her share of my estate go back to my children.

" '9. All other property I may have not disposed of, I want equally divided between by wife, W. C. Ernul, Mattie J. Robinson, Katherine Gaskins, Nancy Tuton and Mildred Nelson.'

"(3) That the executrix therein named, qualified on 17 May, 1923, and is still acting.

"(4) That Mildred Nelson named in items 6 and 9 of the will was a minor at the time of the death of the testator and on 15 June, 1923, Rosa L. Ernul, widow of the testator qualified in the Superior Court of Craven County as guardian of the said Mildred Nelson, and is still acting.

"(5) That the $5,000, bequeathed to Mildred Nelson in item 6 of the will, has been paid over by Rosa L. Ernul, executrix, to Rosa L. Ernul, guardian of Mildred Nelson; and under the residuary clause item 9 of the will, Rosa L. Ernul, executrix, has paid over to Rosa L. Ernul, guardian, the sum of $1,600; that upon the final settlement of the estate of F. S. Ernul, there will be several hundred dollars additional to be distributed under the residuary clause.

"(6) That the guardian has paid to Mildred Nelson for her support and maintenance all income accrued upon the moneys in her hands and has paid the expenses of the guardianship, and the further sum of $426 from the principal under authority of an order of the court for necessary expenses incurred in a surgical operation upon Mildred Nelson.

"(7) That Mildred Nelson is now of age and demands a settlement of the guardianship and the payment over to her of all sums in the hands of her guardian.

"(8) That Mildred Nelson is unmarried and has no children.

"(9) That W. C. Ernul, one of the children of F. S. Ernul, for himself and the other children of F. S. Ernul, contends that no part of the principal either under item 5 or item 9 of the will, should be paid directly to Mildred Nelson. But that it should be paid into the hands of a trustee under bond; to pay to Mildred Nelson only the income until she marries and has children and to preserve the principal to be paid over to the children of F. S. Ernul in the event that Mildred Nelson dies before she marries and has children.

"The executrix and guardian prays the advice and guidance of the court upon the conflicting contentions of Mildred Nelson and the children of F. S. Ernul."

The court below rendered the following judgment:

"This cause coming on to be heard before his Honor, W. M. Bond, J., upon a submission of controversy without action, and being heard upon the facts agreed:

It is thereupon ordered, adjudged and decreed that Mildred Nelson is entitled to the possession of the five thousand dollars bequeathed to her in item six of the will of F. S. Ernul, less any sums heretofore expended by the guardian from the principal, and that such balance be paid over to said Mildred Nelson, the guardian taking a receipt from her for the benefit of the children of F. S. Ernul; that the sixteen hundred dollars paid to the guardian under the residuary clause of the will together with any further sums distributable as Mildred Nelson's share under the residuary clause be paid over to Rosa L. Ernul, the executrix, as trustee without bond, to hold and invest the same and pay the interest to Mildred Nelson until she shall marry and have children, and upon such happening to pay the entire sum to said Mildred Nelson; but if Mildred Nelson shall die without marrying and having children of such marriage, then to pay said sum over to the children of F. S. Ernul."

The only exception and assignment of error is to the judgment rendered. From the judgment, Rosa L. Ernul, executrix, appealed to the Supreme Court.

*Guion & Guion, for Rosa L. Ernul, executrix, appellant.*

CLARKSON, J. The appellant in her brief says: "This was a submission of controversy without action, for the construction of the will of F. S. Ernul, deceased, submitted at the October Term, 1925, of Craven County Superior Court. Upon the submission, judgment was rendered by his Honor, W. M. Bond, judge presiding, as set out in the record. The executrix, Rosa L. Ernul, appealed to the Supreme Court. Neither the plaintiff, W. C. Ernul, nor the appellants' codefendant, Mildred Nelson, are represented by counsel. The appellant, executrix, prays the judgment of the Court for her protection in making settlement of the estate."

*Ashe, J.,* in *Alsbrook v. Reid,* 89 N. C., p. 153, says: "The former courts of equity entertained, and our Superior Courts still entertain applications for advice and instructions from executors and other trustees, as to the discharge of trusts confided to them, and incidentally thereto, the construction and legal effect of the instrument by which they are created. But the courts of equity never exercised this advisory jurisdiction when the estate devised is a legal one, and the question as to construction is purely legal. The jurisdiction is incident to that over trusts. Where there is no trust or trustee to be directed, the court of equity never takes jurisdiction." *Bank v. Alexander,* 188 N. C., 670.

We think appellant, under the facts disclosed in this case, is within her rights in asking advice.

"The plaintiff contends that all the money, both that bequeathed under item six, and that bequeathed under item nine should be held by the executrix as trustee, until such time as Mildred Nelson shall marry and have children, or shall die without having married and having children; or that if the money or any part of it is turned over to Mildred Nelson, she should be required to give bond to insure its safe-keeping, and contend that she is young and incompetent to preserve the money for the use of the remaindermen, and that she is a nonresident of the State."

In construing the present will we are dealing with personal property. The general rule gathered from the authorities, is stated in *Burwell v. Bank,* 186 N. C., 119, as follows: "It is fully recognized that where real property is devised to one for life, remainder over, unless a contrary intent appears in the will, the life tenant is entitled to its possession and control during the continuance of the estate, subject always to its liability to creditors, under the provisions of law. And the same principle usually prevails as a direct bequest of personal property except where it is given as a residuary bequest to be enjoyed by persons in succession, etc., in which case the property is converted into money and the interest paid to the legatees during the existence of their respective estates. *Bryan v. Harper,* 177 N. C., 309; *Simmons v. Fleming,* 157 N. C., 389; *In re Knowles,* 148 N. C., 461-466; *Britt v. Smith,* 86 N. C., 305; *Ritch v. Morris,* 78 N. C., 377; *Smith v. Barham,* 17 N. C., 420."

The general rule stated in the *Burwell case, supra,* (1) where there is a *direct bequest* of personal property with remainder over, the life tenant is entitled to its possession and control during the continuance of the estate; (2) where personal property is given as a *residuary bequest* to be enjoyed by persons in succession, etc., the personal property is converted into money and the interest paid to the legatees during the existence of their respective estates. If a contrary intent appears in the will, the *direct bequest* may not come under the general rule. The kind of personal property left by the *direct bequest,* the relationship and the setting of the parties all have a bearing so that the intent of the testator may be ascertained.

The language of item 6 is as follows: "I give, bequeath and devise to my granddaughter Mildred Nelson, five thousand dollars; I appoint my wife, Rosa L. Ernul, guardian for Mildred Nelson, and if Mildred should die before she marries and has children her share of my estate go back to my children."

It will be noted that after the bequest to Mildred Nelson, the testator appointed his wife her guardian. If Mildred should die before she is married and has children—the $5,000 is to go to the testator's children. Mildred now resides in the State of Illinois.

In *Rowe's Executors v. White,* 16 N. J., Eq., p. 411, 84 Am. Dec., p. 169, an interesting case, the principle laid down is the same as in the *Burwell case, supra.*

In the *Rowe's Executors case,* the following is said at p. 172: "Either in the case of a legatee for life, or subject to a limitation over, in order to justify the requisition of security from the first legatee, there must be danger of the loss of the property in the hands of the first taker; *Slanning v. Style,* 3 P. Wms., 334; *Conduitt v. Soane,* 1 Coll., 285; *Homer v. Shelton,* 2 Met., 194; *Fiske v. Cobb,* 6 Gray, 144; *Hudson v. Wadsworth,* 8 Conn., 249; *Langworthy v. Chadwick,* 13 Id., 46." In that case it is further said (p. 173): "If any real ground of apprehension of danger appeared upon the face of the pleadings, and was admitted or supported by evidence, the court would require the security." Note: (84 Am. Dec. p. 173) "Security is unnecessary from legatee for life, unless there is danger of waste or loss: *Covenhoven v. Shuler,* 21 Am. Dec., 73; *Pelham v. Taylor,* 59 Id., 604; see *Clark v. Clark,* 35 Id., 676; *Roper v. Roper,* 75 Id., 427; *Drummond's Executor. v. Drummond,* 26 N. J., Eq., 239, citing the principal case. The principal case is also cited to the point that the well settled rule in equity is that where it appears that there is danger that the principal of the legacy will be wasted or lost, a court of equity will protect the interest of the legatee in remainder by compelling the legatee for life to give security for the safe return of the principal; *Howard v. Howard's Ex'rs,* 16 Id., 488." 17 R. C. L., p. 627.

Security should be required whenever it is shown that the property is in actual danger of loss or injury or where it has been removed from the state or there is actual danger of its being removed, or where the life tenant is a nonresident. 21 C. J., p. 966. *Moon v. Moon,* 16 S. C. Eq., p. 327; *Riddle v. Kellum,* 8 Ga., 374.

By analogy we quote from *Cobb v. Fountain,* 187 N. C., 338, where it is said: "As it is more prudent for a guardian to invest trust funds in his own state, where they may be kept under his immediate observation and within the jurisdiction of the domestic courts, we think the investment of his ward's money in securities which are beyond the jurisdiction should be disapproved unless made under rare and exceptional circumstances. . . . Other courts have reached substantially the same conclusion, as will appear from a few excerpts. 'While, therefore, we are not disposed to say that an investment by a trustee in another state can never be consistent with the prudence and diligence required of him by law, we still feel bound to say that such an investment, which takes the trust fund beyond our own jurisdiction, subjects it to other laws and the risk and inconvenience of distance and of foreign tribunals, will not be upheld by us as a general rule, and never unless

in the presence of a clear and strong necessity, or a very pressing emergency.' *Ormiston v. Alcott,* 84 N. Y., 339, 343."

Item 9 is as follows: "All other property I may have not disposed of, I want equally divided between my wife, W. C. Ernul, Mattie J. Robinson, Katherine Gaskins, Nancy Tuton and Mildred Nelson."

Item 6 must be construed with item 9. Mildred Nelson gets a part under the residuary clause of item 9, but item 6 says: "and if Mildred should die before she marries, and has children, her share *of my estate* go back to my children." It is clear that this means the $5,000 and what is realized under the residuary clause in item 9. From the language of the will, the nonresidence of Mildred Nelson, and the facts and circumstances of this case, security must be given for the $5,000 under item 6 and the fund realized under item 9. If Mildred Nelson is unable to give security the court should appoint a receiver to loan the fund first lien on real estate, with sufficient margin, or other gilt-edge security, and the *corpus* be held in accordance with the construction given in this opinion as to the meaning of items 6 and 9 of the will. Interest on the fund should be paid to Mildred Nelson semi-annually after deducting taxes and legal expenses, until the happening of the contingency set forth in item 6 of the will.

The judgment of the court below, in accordance with this opinion, is

Modified and affirmed.