S. H. JORDAN, ADMINISTRATOR, v. GEORGE S. SIGMON ET AL.

(Filed 14 December, 1927.)

**Wills—Bequests of Personal Property—Intent—Gifts—Descent and Distribution.**

A bequest of personal property to the testator's wife for the term of her natural life, subject to her support, use and enjoyment, is to the extent not so used by her, distributable to her next of kin, at her death intestate, according to the testator's intent gathered from construing the instrument, there being no specific limitation over, or residuary clause in the will, and the expressed purposes of the bequest, "for her support, comfort and enjoyment" are consonant with an absolute gift.

APPEAL by George S. Sigmon, W. M. Sigmon, Mrs. M. E. Sigmon and Zeb. V. Sigmon, from *McElroy, J.,* at February Term, 1927, from CATAWBA.

Civil action brought by S. H. Jordan, administrator of the estate of Fannie Sigmon, deceased, and administrator, *c. t. a.,* of the estate of M. D. Sigmon, deceased, against the next of kin of both decedents (who are making opposing demands upon the plaintiff) to obtain a construction of the testator's will and for guidance in the discharge of his duties. *Tyson v. Tyson,* 100 N. C., 360, 6 S. E., 707.

M. D. Sigmon, late of Catawba County, died 8 January, 1925, leaving a last will and testament in which his wife, Fannie Sigmon, is

named as executrix. The will was probated and the executrix duly qualified on 15 January, 1925. Thereafter, on 14 May of the same year, Fannie Sigmon died intestate. S. H. Jordan duly qualified as administrator of the estate of Fannie Sigmon on 25 May, 1925, and as administrator *c. t. a.* of the estate of M. D. Sigmon on 22 October, 1925, and now has in his possession funds and personal property belonging to said estates.

There being no children of this union and no issue surviving either, the next of kin of M. D. Sigmon, who are appellants herein, claim all the personal property owned by him at his death which was not used or consumed by his widow during the short interval of time she survived him. On the other hand, the next of kin of Fannie Sigmon claim that they are entitled to said property by virtue of the following provision in the will of M. D. Sigmon:

"*Second.* I give and bequeath to my beloved wife, Fannie Sigmon, all of my personal property of every kind, including money, bank deposits, notes and other solvent credits, for the term of her natural life, with the privilege to use for her support, comfort and enjoyment any part thereof and in any way that she may desire. I also give and devise to my said wife the tract of land on which I now reside, containing 94 acres, more or less, for the term of her natural life, and at her death said lands shall go to my heirs at law as the statute provides."

There is no controversy over the real estate. *Yelverton v. Yelverton,* 192 N. C., 614, 135 S. E., 632. The advice sought relates only to the personal property bequeathed under the above provision of the will, which contains no residuary clause, and there is no limitation over with respect to the personal property which amounted in value to about $1,200.

His Honor adjudged that the next of kin of the wife, Fannie Sigmon, were entitled to so much of the personal property passing under the will as had "lost its identity at the time of the death of Mrs. Sigmon" and that such personal property of the estate of M. D. Sigmon "as retained its identity at the death of Mrs. Sigmon" goes to the next of kin of M. D. Sigmon, deceased.

From this judgment the next of kin of M. D. Sigmon appeal, assigning error.

*Self & Bagby for appellants.*
*Jesse Sigmon for appellees.*

STACY, C. J. We think there is error in the judgment to the prejudice of the next of kin of Fannie Sigmon, and that the ruling of his Honor is too favorable to the next of kin of M. D. Sigmon, appellants herein.

It will be observed that there is no residuary clause in the will and no limitation over so far as the personal property is concerned. Under these conditions, a gift of personal property for life to the primary object of testator's bounty, with power to use "in any way that she may desire" is generally construed to be an absolute gift of the property. *Holt v. Holt,* 114 N. C., 242, 18 S. E., 967; *McMichael v. Hunt,* 83 N. C., 344; *Foust v. Ireland,* 46 N. C., 184. Especially is this true where the property, by reason of its amount and kind, may reasonably be expected to be consumed during the life of the donee, or within a short time after the death of the testator. *In re estate of Rogers,* 245 Pa., 206, 91 Atl., 351, L. R. A., 1917A, 168. And this is not affected by the use of the words "for her support, comfort and enjoyment," as they are but terms consonant with full ownership of the property.

In *Brownfield's Estate,* 8 Watts, 465, the testator gave his wife "one-third of my personal estate, during her life, after my just debts paid," without any disposition over: *Held,* the widow was entitled to receive one-third of the personal estate and to dispose of it as she pleased, there being no limitation over of the part given to her.

Again, in Diehl's Appeal, 36 Pa., 120, a testator gave to his wife a tract of land during her lifetime, "together with all my bonds and notes, to have and hold the same. Also, all my personal estate, whatsoever will be left after my decease, to have and to hold the same during her natural lifetime," without making any disposition over: *Held,* that the bonds and notes became the absolute property of the testator's widow.

The rule announced in these cases is not one of law, but one of construction, to be used in aid of the discovery of the testator's intention. *Tyson's Estate,* 191 Pa., 218, 43 Atl., 131.

The decisions in *McKinley v. Scott,* 49 N. C., 197, *Black v. Ray,* 18 N. C., 334, *James v. Masters,* 7 N. C., 110, and an *Anonymous Case,* 3 N. C., 161, while seemingly at variance with the Pennsylvania cases, just cited, are not in conflict with our present position, for in each of these cases the gift was for the life of the donee with no power of disposition.

Nor are the cases of which *Ernul v. Ernul,* 191 N. C., 347, 132 S. E., 2, and *Burwell v. Bank,* 186 N. C., 117, 118 S. E., 881, may be taken as illustrative, in conflict, for in each case going to make up this line of decisions, there is a limitation over or the bequest is for the life of the donee "and no more."

Let the cause be remanded with suggestion that the plaintiff proceed in a manner not inconsistent with this opinion. The costs of appeal will be taxed against the appellants.

Error and remanded.