JAMES P. BRITT, Adm'r, v. TABITHA E. SMITH and another.

## Wills—Residuary Bequests.

1. The rule, that where personal property is given by will to one for life with remainder over, the executor shall sell so much of it as is of a perishable nature, applies only to the case of a residuary bequest given *eo nomine* as such; and this rule, being one of construction, must be relaxed when necessary to give effect to the intention of the testator.

2. A testator devised and bequeathed to his wife during her life all his land and all his personal property, and in a subsequent clause of the will (after certain specific legacies) he gives his sister *at* the death of his wife all the balance of his personal property of every description, not heretofore disposed of; at his death, the personal property consisted of farming implements, crop, stock, notes, &c.; *Held* that the widow is entitled to have the specific articles of personalty delivered to her as tenant for life—the several things were given, not the *residue as such.*

(*Smith* v. *Barham,* 2 Dev. Eq., 420; *Jones* v. *Simmons,* 7 Ired. Eq., 178; *Ritch* v. *Morris,* 78 N. C., 377; *Taylor* v. *Bond,* Busb. Eq., 5; *Williams* v. *Cotten,* 3 Jones Eq., 395; *Chambers* v. *Bumpass,* 72 N. C., 429, cited, and approved.)

CIVIL ACTION for construction of a will, heard at Fall Term, 1881, of GREENE Superior Court, before *Shipp, J.*

This action is brought by the personal representative of B. H. Smith, deceased, for the purpose of having ascertained the respective rights of the defendants, Tabitha E. Smith and Zilpha M. Edwards, under the will of the said Smith, the said Tabitha E. being his widow, to whom was given his estate real and personal for life, and the said Z. M. Edwards being his sister, to whom his personalty was given in remainder. The will provides as follows:

"Item 1. I leave and devise to my beloved wife, Tabitha E. Smith, during her natural life or widowhood, all of my landed estate that I may possess at my death, and also all of my personal property under same restrictions as that of

20

my real estate, except as is hereinafter provided; and after her death or widowhood, and if I should have no heirs of my body, then I give and devise to W. F. Edwards' two daughters, Cornelia and Zilpha, all of my real estate in fee."

"Item 2. I devise at my death that my administrator shall pay to Richard G. Smith and Elizabeth J. Smith, children of my half brother, Thomas Smith, the sum of three hundred dollars each, to be paid out of my personal property."

"Item 3. I give and devise to my sister, Z M. Edwards, wife of W. F. Edwards, at the death of my wife, all the balance of my personal property of every description, not heretofore disposed of, to have," &c.

The testator died possessed of the tract of land whereon he resided, and of personalty consisting of hogs, cattle, a horse and mule, corn, cotton, pork, lard, bacon, wheat, farming utensils, household and kitchen furniture, cash on hand, and notes and accounts amounting to some $1,400. The notes and accounts have been collected, and the money used in paying the money legacies under the will and the debts of the testator, leaving a balance in the hands of the administrator of some $320.

The question presented is, whether the administrator shall deliver the personalty in kind to the widow as tenant for life, or whether he shall convert it into money and pay her the interest only, reserving the principal to be paid, upon her death, to the sister as remainderman, and the court held that plaintiff deliver the same to the defendant, Tabitha, from which ruling the defendant, Zilpha M. Edwards, appealed.

*Messrs. Grainger & Bryan,* for plaintiff.
*Mr. W. C. Munroe,* for defendant.

BRITT *v.* SMITH.

RUFFIN, J.   There can be no mistaking the rule as laid down in *Smith* v. *Barham*, 2 Dev. Eq., 420, *Jones* v. *Simmons*, 7 Ired. Eq., 178, and *Ritch* v. *Morris*, 78 N. C., 377, and which must be taken, as was said by Mr. Justice BYNUM in the last of those cases, as the settled doctrine in this state. It is, that whenever personal property is given, in terms amounting to a residuary bequest, to be enjoyed by persons in succession, the interpretation the court puts upon the bequest is, that the persons indicated are to enjoy the same in succession ; and in order to give effect to its interpretation, the court, as a general rule, will direct so much of it as is of a perishable nature to be converted into money by the executor, and the interest paid to the legatee for life, and the principal to the person in remainder.

The rule, though declared by the courts of England, so long ago as the time of LORD ELDON in *Howe* v. *The Earl of Dartmouth*, 7 Ves., 137, and frequently affirmed since, has never been a favorite one with those courts ; and the effect of the later cases has been to allow very slight indications of a contrary intention, on the part of a testator, to prevent its application, (*Morgan* v. *Morgan*, 14 Beavan, 72), and such certainly has been the tendency of the decisions made in this court, as may be seen by reference to *Taylor* v. *Bond*, Busb. Eq., 5, *Williams* v. *Cotten*, 3 Jones Eq., 395, and *Chambers* v. *Bumpass*, 72 N. C., 429.

So far as we have been able to inform ourselves, from a critical examination of all the adjudications upon the subject, to which we have access, no operation has, in any instance, been given to the rule, save in the case of a *residuary bequest*, given *eo nomine*, as such.   In *Smith* v. *Barham, supra*, the very point seems to have been made—the language of the judge who delivered the opinion, being thus : " It is clear that where a *residue* is given *as such*, it is to be sold by the executor.   The several things are not given, the testator supposing them not worth giving as *corpora*, not knowing

how much, or which of them it may be necessary to sell for the payment of debts or other legacies." So too, by the court of appeals of South Carolina in *Patterson* v. *Devlin*, 1 McMullen Eq., 459, in the case of a bequest of articles necessarily consumable in the use, to one for life with remainder over, a conversion by sale was allowed, upon the ground that it had been given as a *residuum* of the testator's estate—he having disposed of its bulk in previous clauses of his will, to those for whom it was his purpose mainly to provide—and the reason expressly assigned for making the decree is, that it was a residuary bequest, made up of the odds and ends of his estate, and consisting of things difficult to enumerate, the possession of which was not deemed of consequence to the life-tenant, and not essential to the enjoyment of other provisions made for him.

If such be the true test for the application of the rule, what a gross misapplication would it be to allow it to operate in this case! Here, the bequest to the wife, while in a certain sense it may be said to consist of the residue of the estate, that is, the surplus after the payment of debts and special legacies, differs in every material circumstance from the *residue* spoken of in those two cases. So far from being made up of worthless *corpora*, or the fragments of the estate, it embraces the whole thereof, with the slight exception of six hundred dollars, given in the way of pecuniary legacies, and to be paid, as he must have known, without resorting to a sale; and it is composed too of articles of the very first necessity and daily consumption, and such as he must have had all the while before his eyes.

But, at most, the rule is one of construction, designed to give effect to the intention of the testator, and will yield whenever he manifests a different one, or when it cannot be applied without defeating what seems to be his main purpose; and it is therefore the duty of the court, in every such

case to look at the whole will, to ascertain if possible the intention there disclosed.

Looking to the one we are now called on to construe, we are struck at the very outset with the strong purpose manifested by the testator, to make an ample and certain provision for his wife. By one comprehensive clause he gives her *all* his lands for life, and with the slight exceptions indicated, *all* his personalty, the latter consisting, in a great degree, of articles absolutely essential to the enjoyment of the former, and indeed, we may say, necessary to her immediate comfort and support, and such as she could not supply, in the event of a sale, without incurring debt, or other inconvenience.

We cannot, therefore, for one moment suppose that contrary to his express words thus used, his real intention was not to give her any part of his personal property, but that it was designed that his representative should sell the same, and pay her its annual income for life; that his lands were to lie idle for want of animals and implements to work it; his home abandoned for the lack of furniture to render it habitable; that for a bed upon which to lie she should become a debtor to his estate;. and all this for the benefit of a sister whose claims upon him he evidently regards as secondary to those of his wife. Nor are we left to mere inference in the matter. The will itself, in the very clause in which provision for his sister is made, bears strong, substantive proof as to his real intention. The words used are as follows: " I give to my sister Zilpha M. Edwards, *at* the death of my wife all the balance of my personal property of *every description* not heretofore disposed of." Why speak of its being "*property of every description* " at the death of his wife, if it was intended that it should be converted into money, and could therefore be of but one description ?

It is the duty of the administrator to assent to the legacy in favor of the testator's wife, and to deliver to her the

money in his hands and other personal property, taking an inventory for the benefit of the remainderman, of all, except such as must be necessarily consumed in its use.

A judgment may be drawn in accordance with this opinion.

No error.                         Judgment accordingly.