SARAH E. TAYLOR, petitioner, *vs.* CORYDON C. WHITCOMB & another, executors.

Worcester.   June 18, 1906. — September 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Widow.   Executor and Administrator.*

A petition under R. L. c. 140, § 2, seasonably filed, for an allowance to the widow of a testator may be granted although the previous payment of debts by the executors of his will before the expiration of a year from the time of their appointment has exhausted the estate and the granting of the petition will render it insolvent.

If an executor or administrator before the expiration of a year from the time of his appointment pays in full debts of his testator or intestate that are not preferred, thus exhausting the personal property of the estate so as to leave nothing in his hands with which to provide for an allowance to the widow under R. L. c. 140, § 2, and such an allowance afterwards is ordered by the Probate Court, such previous payments in full may be disallowed in his account.

KNOWLTON, C. J. This is an appeal from a final decree of a single justice of this court, reversing a decree of the Probate Court which gave an allowance to the widow out of the personal estate of Samuel Taylor, deceased. Although there is some language in the report that is appropriate to a reservation of a case for the full court under R. L. c. 159, § 29, which may be made instead of entering a final decree, it appears that à report was asked for by the party against whom the decree was entered, and we must treat it as made under R. L. c. 159, § 23, which authorizes and requires a report to complete the record in such cases. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 300. *Cleveland* v: *Hampden Savings Bank,* 182 Mass. 110. *Crocker* v. *Crocker,* 188 Mass. 16.

The inventory showed personal estate to the amount of $136.78, which was afterwards increased to $657.16. This was found insufficient to ·pay the debts and expenses of administration, and the executors were licensed to sell all the real estate for the payment of the debts. The real estate brought the sum of $1,125. From the personal estate and the proceeds of the real estate the executors paid lawful debts of the testator to the amount of $1,671. They paid other debts, most if not all of which appear to have been valid, amounting to $45. There was also a charge of $50 for services of counsel and a charge of $50 for the executors as expenses of administration, which latter charge the justice found to be reasonable. He also found that by these payments the entire assets of the estate had been exhausted before the decree of the Probate Court, making an allowance to the widow, was entered.

The appellants conceded at the hearing before the single justice, " that if the decree of the Probate Court was valid, it should be affirmed, as the amount of the allowance was not excessive "; but they asked the justice " to rule that, because the entire estate had been exhausted by the executors in the payment of debts which could not be recovered back, and in reasonable charges of administration which had been incurred prior to said decree, the granting of which would render said estate insolvent, the petition should be dismissed." The justice so ruled, and entered a decree reversing the decree of the Probate Court. The appeal opens all questions of law and of

fact which appear upon the record; but the particular question on which the decision turns is whether the decree of the Probate Court making the allowance was invalid by reason of the previous payment of debts which exhausted the estate.

It is found that the petitioner, at the time of her husband's death, was "nearly eighty-four years of age, feeble in health and unable to contribute to or earn her own living." She has never received anything from the estate of her husband, as legatee or otherwise. These facts, with no contradiction or explanation, even without the concession of the appellants, would make it the duty of the court to order an allowance for her, if there were personal estate from which it could be made. There is nothing in the case to affect adversely the petitioner's rights, except the payment of debts by the executors.

The statute, which is found in the R. L. c. 140, § 2, provides that "such parts of the personal property of a deceased person as the Probate Court, having regard to all the circumstances of the case, may allow as necessaries to his widow for herself, . . . shall not be taken as assets for the payment of debts, legacies or charges of administration." The term "personal property" means the personal property left by the deceased at the time of his death, and as to this property, upon the appointment of an executor or administrator, jurisdiction of the court attaches for the purpose of allowing to the widow as necessaries whatever she ought to receive. This property, to this amount, is set apart for her by the law, and it cannot be used for paying debts, legacies or charges of administration. The widow's rights under this statute cannot be taken away by hasty action of the executor or administrator in using the property for the payment of debts. It is not the personal property that is in the hands of the administrator at the time of filing the petition for an allowance which the law appropriates for the supply of necessaries; it is all that comes into his hands, so far as it may be needed under the decree of the court.

An executor or administrator cannot be sued for the recovery of an unpreferred debt or a legacy until the expiration of a year after his appointment, and ordinarily he ought not to pay debts until the expiration of that time. R. L. c. 141, § 1. If there is no doubt about the solvency of the estate, he properly may

pay them earlier. But if he pays before the end of the year, he does it at his own risk in reference to the possibility that the estate may prove to be insolvent. *Hale* v. *Hale*, 1 Gray, 518, 523. His risk in this respect should apply to the estate that remains after turning over to the widow such part of the personalty as the Probate Court allows her for necessaries; and in paying debts before the end of the year, he is bound to know that the amount applicable to the payment of them is liable to be diminished by the making of an allowance.

In the present case the testator died on December 6, 1904. The executors of his will were his daughter and her husband. On February 7, 1905, they obtained from the Probate Court a license to sell all his real estate to pay his debts, and on March 28, 1905, the real estate was sold. The present petitioner received no notice and had no knowledge of these proceedings until after the sale was made. It appears from the papers in the case, which are made a part of the report, that of this indebtedness more than $800 in amount was upon notes of the testator running to his son in law, one of the executors. The widow's petition for an allowance was filed on April 12, 1905, about four months after the death of her husband, and notice thereof was duly given to the executors. They then, on April 26, 1905, filed a first and final account of their administration, showing that they had used all the assets in the payment of debts and charges of administration, and they relied upon the facts stated in it as a bar to the petition for a widow's allowance. Objection was made to the allowance of the account, and no hearing has yet been had upon it.

The widow's petition was filed within a reasonable time. *Lisk* v. *Lisk*, 155 Mass. 153. Her husband left personal property of which the court had jurisdiction, from which an allowance might properly be made to her, and nothing appears to meet the facts which show that an allowance should be made, except the fact that the executors, very quickly after the death of the testator, used all the personal estate in paying debts, a very large part of which were paid to one of themselves. This action did not deprive the widow of her rights or the court of its powers under the law. While the justice has found that payments were made as stated in the account, the account has not

been allowed, and the court may hereafter disallow it on the ground that the payment in full of debts that were not preferred was not properly made. We are of opinion that the decree of the Probate Court was valid, and that the entry should be

<em>Decree of Probate Court affirmed.</em>

*D. W. Haskins & M. M. Taylor*, for the appellee.

*C. A. Merrill*, for the appellants.