ELLIOTT SIMMONS ET AL. v. THOMAS J. FLEMING.

(Filed 13 December, 1911.)

1. Pleadings—Lands—Lis Pendens.

In an action to recover lands, the filing of the complaint, in which the property is described and the purpose of the action stated, operates as a *lis pendens*.

2. Same—Deeds and Conveyances—Registration—Notice.

When a complaint in an action to recover lands operates as a *lis pendens*, evidence as to the date of a deed to a purchaser thereof for value subsequently registered becomes immaterial, as the deed becomes effective from the date of its registration and the vendee is a purchaser with notice.

3. Evidence—Interest in Suit—Harmless Error.

The son claiming title to lands under a deed from his father registered subsequently to the filing of a complaint operating as a *lis pendens*, in an action involving the title of his father, was asked on examination if he was willing to stand or fall with his father in the suit: *Held*, the question was competent as tending to show his interest, but was rendered immaterial by his answer, "I don't know whether I understand you."

4. Wills—Estates for Life—Remaindermen—Purchaser with Knowledge—Evidence—Cutting Timber.

The devisees of the remainder of personalty brought suit against the vendee of the life tenant, alleging and introducing evidence tending to show that the lands in controversy were bought with moneys in which the grantor had only a life interest under the will; and, also, that the vendee, in consideration of his deed, had agreed to move on the land and support the vendor, the life tenant, during her life, with knowledge of her life estate therein: *Held*, competent for the plaintiff to prove that the defendant had cut and removed a large part of the timber on the land as tending to show that he knew he had no just claim on the land in fee, and was taking advantage of everything he could before being called upon to account.

5. Instructions — Estates for Life — Property Consumed in Use — Lands.

> An instruction upon the principle that a life tenant has the right to property the use of which naturally consumes it, has no application to this case wherein the money had been invested in lands, and the cutting of timber was the matter involved.

6. Estates for Life—Personalty—Takers in Succession—Investments —Interest—Specific Bequests—Executors and Administrators.

> When the beneficiaries of a residuary bequest of personal property are to enjoy it in succession, the court, as a general rule, will direct so much of it as is of a perishable nature to be converted into money by the executor, and the interest paid to the legatee for life, and the principal to the person in remainder; but when the bequest is specific and is not of the residue, the executor should deliver the property to the one to whom it is given for life, taking an inventory and receipt for the benefit of the remainderman.

APPEAL from *Long, J.,* at July Term, 1911, of McDOWELL.

This is an action brought by the legatees of John Simmons, deceased, for the recovery of land alleged to have been purchased with money which the said Simmons bequeathed to his wife, Jane Simmons, for life, with remainder to the legatees named in his will.

The plaintiffs offered evidence tending to show that the money with which the land in question was purchased was money belonging to the estate of John Simmons, deceased, and bequeathed by him to his wife, Jane Simmons, for life, with remainder to the legatees named in his will, and tending also to show that the defendant took title to the land in controversy under a contract and deed from Jane Simmons, in consideration of an obligation upon the part of the defendant, Thomas Fleming, to maintain and support the said Jane Simmons at his home so long as she should desire to stay there, with knowledge at the time of the taking of such deed that the land was purchased with money belonging to the estate of the said John Simmons.

The land bought with the money was conveyed to Jane Simmons, and she afterwards conveyed the same to the defendant.

In the will of John Simmons, the testator bequeaths and devises all his "personal and real property, money, notes, and

accounts, etc.," to his wife, Jane Simmons, to have full control, use, and benefit of it during her life, and at her death to the plaintiffs, and it is provided therein that none of the real estate or personal property be sold or transferred until after the death of his wife.

The defendant has executed a deed to his son, conveying the land to him, but it was not registered until after the complaint in this action was filed.

The jury returned a verdict in favor of the plaintiffs, and from a judgment thereon the defendant appealed.

*Pless & Winborne for plaintiff.*
*James Morris and W. T. Morgan for defendant.*

ALLEN, J. The controversy between the plaintiffs and defendant is almost entirely one of fact, and the jury has found adversely to the defendant.

The defendant, who was 79 years of age, was examined as a witness, and upon cross-examination made confusing and contradictory statements as to the time when he executed the deed to his son.

The defendant then offered the deed to the son for the purpose of showing its date, and upon objection it was excluded.

The date of the deed was an immaterial inquiry, as it was admitted that it was registered after the filing of the complaint in this action.

In *Collingwood v. Brown,* 106 N. C., 364, it is held that in actions to recover land the filing of the complaint, in which the property is described and the purpose of the action stated, operates as a *lis pendens,* and that as against the plaintiffs the title of a purchaser from the defendant begins from the date of the registration of his deed.

If, however, the date of the deed was material, the defendant had the full benefit of the evidence.

The son of the defendant was a witness and testified that the deed was made 23 July, 1909, and there was no evidence to the contrary.

The question asked this witness on cross-examination, as to whether he was willing to stand or fall with his father in the

suit, was for the purpose of showing his interest, but in any event his answer, "I don't know whether I understand you," could not have affected the verdict.

The defendant offered evidence to show that the land was bought with the money of Jane Simmons, and that she made the deed to him in consideration of his promise to support her, and that he had complied with his agreement.

In reply, the plaintiffs were permitted to prove, over the objection of the defendant, that he had cut the larger part of the timber on the land.

No damages were recovered, but we think the evidence competent as a circumstance corroborative of the evidence of the plaintiff that the defendant accepted his deed with knowledge that the land had been bought with the money of the testator.

If he was stripping the land of its timber, it might well be argued that he was doing so because he knew he had no just claim, and that he might make what he could, before being held to account.

The remaining exception is to the modification of the following instruction by striking out the word "money." "Property, the use of which naturally consumes it, such, for instance, as wine, corn, sheep, cattle, and money, when conveyed by will to the use of one for life, passes to the life tenant the right to consume such property absolutely."

If the instruction contained a correct statement of the law, it had no application to the evidence, which did not tend to prove that the money had been consumed, but that it had been invested in the land.

The rule seems to be that, whenever personal property is given, in terms amounting to a residuary bequest, to be enjoyed by persons in succession, the interpretation the court puts upon the bequest is that the persons indicated are to enjoy the same in succession; and in order to give effect to its interpretation, the court, as a general rule, will direct so much of it as is of a perishable nature to be converted into money by the executor, and the interest paid to the legatee for life, and the principal to the person in remainder (*Ritch v. Morris*, 78 N. C., 377), but when the bequest is specific and is not of the residuum, the

executor should deliver the property to the one to whom it is given for life, taking an inventory and receipt for the benefit of the remainderman. *Britt v. Smith,* 86 N. C., 308.

We conclude that there is

No error.