MARGARET E. HOOKER *vs.* ALICE G. PORTER.

Norfolk. October 6, November 7, 1930. — November 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Probate Court,* Widow's allowance. *Widow.*

A judge of probate, who heard a petition for an allowance under G. L. c. 196, § 2, filed by a widow more than two years after the death of her husband, found that the husband's estate consisted of both real and personal property amounting in all to about $165,000; that there were practically no outstanding debts against the estate except an alleged claim upon a promissory note for $100,000 and on two instruments alleged to be agreements to make mutual wills; that the petitioner was without funds at the date of her husband's death;

that the estate was in litigation and could not be distributed; that $14,200 had been advanced to the petitioner on account of her distributive share in the estate; and that she had contracted substantial debts. A decree was entered allowing the petitioner $2,000 of the personalty of the estate. Upon appeal by the alleged creditor, it was *held*, that

(1) The voluntary advancements made to the petitioner did not deprive her of her right to an allowance under G. L. c. 196, § 2;

(2) It could not be said that the allowance was not based solely upon the necessities of the widow at the time of the death of her husband, or that there was an abuse of discretion in the amount allowed;

(3) The decree was affirmed.

PETITION, filed in the Probate Court for the county of Norfolk on January 14, 1930, by the widow of Allan A. Hooker, late of Wellesley, for an allowance under G. L. c. 196, § 2.

The petition was heard by *McCoole*, J., by whose order a decree was entered allowing the petitioner personal estate of the deceased in the sum of $2,000. The respondent, an alleged creditor of the estate, appealed. Material facts reported by the judge under G. L. c. 215, § 11, are stated in the opinion.

*G. A. McLaughlin*, for the respondent, submitted a brief.

*G. H. Chase*, for the petitioner.

SANDERSON, J. This is an appeal from a widow's allowance decreed by the Probate Court to Margaret E. Hooker, widow of Allan A. Hooker who died October 21, 1927, intestate. Apart from his widow his only heir-at-law was his father. The petition for allowance was filed in January, 1930. The estate consisted of both real and personal property amounting in all to about $165,000. There were practically no outstanding debts against the estate except claims of the appellant in these proceedings, who has brought an action in the Superior Court based upon a promissory note for $100,000 and on two instruments alleged to be agreements to make mutual wills. The judge found that the widow was without funds at the date of her husband's death; that the estate is in litigation and cannot be distributed by the administrator; that since the appointment of the administrator there has been advanced to the widow on account of her distributive share the sum of $5,000 in

cash and the stock in a corporation amounting to $9,200; and that the widow, in addition to receiving the advancements, has contracted substantial debts with money lenders. The court by decree on January 14, 1930, ordered that personal estate to the amount of $2,000 be allowed to her as necessaries for herself. From this decree Alice G. Porter, as a creditor, appealed.

The finding of the judge was based upon statements of counsel representing all parties in interest. G. L. c. 196, § 2, provides: " Such parts of the personal property of a deceased person as the probate court, having regard to all the circumstances of the case, may allow as necessaries to his widow for herself . . . and also such provisions and other articles as are necessary for the reasonable sustenance of his family, and the use of his house and of the furniture therein for six months next succeeding his death, shall not be taken as assets for the payment of debts, legacies or charges of administration." In *Dale* v. *Hanover National Bank,* 155 Mass. 141, 144, the court said: " The purpose of an allowance is to provide for the necessities of the widow and minor children for a short time, until they have an opportunity to adjust themselves to their new situation." In *Hale* v. *Hale,* 1 Gray, 518, 521, the court, in referring to the statutes then in force, said that " there is no implication even that a second allowance may not be made at any time before the personal estate is exhausted." In *Lisk* v. *Lisk,* 155 Mass. 153, an allowance was confirmed when the petition asking for it was not filed until about two years and eight months after the appointment of the administrator of the husband's estate. In this case after a statement of the rule quoted from *Dale* v. *Hanover National Bank, supra,* it was said at page 154: " While the amount of the allowance cannot exceed what is required to meet these necessities, many considerations must enter into the determination of it, and there is a wide field for the exercise of judicial discretion." *Hollenbeck* v. *Pixley,* 3 Gray, 521. *Bush* v. *Clark,* 127 Mass. 111. *Chase* v. *Webster,* 168 Mass. 228.

The facts that the estate was of a substantial size, that

the widow was without funds at the time of her husband's death, that there were practically no outstanding debts except the claim of the appellant, and that the estate is still in litigation, were proper for the consideration of the judge in determining the amount of the allowance. The necessities of the widow at the time of the death of the husband are the controlling consideration. *Taylor* v. *Whitcomb,* 192 Mass. 555. The widow's allowance takes precedence over debts and expenses. *Kingsbury* v. *Wilmarth,* 2 Allen, 310. *Glover* v. *Glover,* 215 Mass. 576. Even if an estate is insolvent an allowance to the widow may be proper. *Dale* v. *Hanover National Bank,* 155 Mass. 141, 145. The voluntary advancements made to the petitioner by the administrator did not deprive her of her right to an allowance under the statute. See *Allen* v. *Allen,* 117 Mass. 27. The allowance should not exceed an amount sufficient to provide for the necessities of the widow for such a period after the death of her husband as will give her an opportunity to adjust herself to her new condition. *Glover* v. *Glover, supra.* We cannot say, upon this record, that the allowance was not based solely upon the necessities of the widow at the time of the decease of her husband, nor that there was an abuse of discretion in the amount allowed. See *Allen* v. *Allen,* 117 Mass. 27, 28.

*Decree affirmed.*