ADDIE R. COLLETT, GUARDIAN, ET AL., v. DAISY COLLETT FARNAN.

(Filed 3 November, 1937.)

**Wills §§ 36, 38—Bequest held specific bequest of articles of personalty and money for life, and legatee was entitled to possession of corpus.**

After directing the payment of debts and providing for certain specific legacies, the will in question directed that the remainder of the money be divided between testatrix' sisters and brothers, or their children, and by later item provided that one of the sisters should have for her lifetime only certain enumerated articles of personalty "and money if any are to come back to my estate." *Held:* The gift to the sister of her share of the money was made in the prior item, and the later item gave a life interest in the enumerated articles of personalty, and provided that the

money as well as the articles of personalty should "come back to my estate," or be limited to a life estate, and the later item does not constitute a residuary bequest to be enjoyed by persons in succession, entitling the sister only to the income from the money, but is a specific bequest for life, entitling the sister to the *corpus* of the money, with remainder over only in such amount as might remain at the death of the sister.

Appeal by defendant from *Warlick, J.,* at Chambers. From Burke. Reversed.

This is a civil action in which the plaintiffs seek a construction of the will of Minerva Ruffin Collett and a declaratory judgment determining the rights of the respective legatees and directing the plaintiff, administrator C. T. A., as to the distribution of the funds of the estate. From the judgment entered the defendant appealed.

*Mull & Patton for plaintiffs, appellees other than First National Bank, administrator C. T. A.*
*O. L. Horton and S. J. Ervin, Sr., for defendant, appellant.*

Barnhill, J. The defendant excepts to that portion of the judgment which reads as follows: "That the share of the money left to Mrs. Daisy Collett Farnan for life in said will shall be retained by First National Bank of Morganton, administrator C. T. A. of Miss Minerva Ruffin Collett, and invested in such securities as are authorized in investments for fiduciaries under sections 4018 and 4018-A of the Consolidated Statutes; and that the net proceeds of such investments be paid over to Mrs. Daisy Collett Farnan in semiannual installments for and during the term of her natural life; and that the *corpus* of said investments after the death of Mrs. Daisy Collett Farnan referred to the estate of the testatrix, Miss Minerva Ruffin Collett, and that the same shall be distributed by the administrator to the heirs at law of the testatrix, Miss Minerva Ruffin Collett, said distribution to be made *per stirpes* and not *per capita.*"

The pertinent portions of the will of the deceased necessary to be considered to determine the question of law involved on this appeal reads as follows:

(1) "I wish all money I have invested or loaned out shall be collected, and my farm sold if it has not been sold, my debts paid.

(2) "Omitted.

(3) "After my debts are paid I want $8,000 (eight thousand) dollars paid to the estate of my brother Stirling Ruffin Collett, this being money he has given to me from time to time.

(4) "I want $1,000 (one thousand) invested for the care of the Episcol (Episcopal) Church Yard. The remainder of my money if there is any divided between my sisters and brothers, or their children.

(5) "I will to my sister Daisy Collett Farnan, for her life time *only* at her death these things and money if any are to come back to my estate. The portraits of our Great grandfather and Grandmother Caldwell. The silver candlestick which was our Grandmother Caldwell's. The book case in the hall, 1 of the four old straight chairs in my living room."

The will then proceeds to bequeath to others various articles of personal property, consisting largely of household furniture and silverware.

The paragraphs are numbered by the court for convenience of reference.

If the gift to the defendant amounted in terms to a residuary bequest, enjoyed by persons in succession, the judgment of the court below is correct. If the bequest is specific and not of the residuum there was error in the judgment, and the defendant is entitled to the possession of the money as well as of the other articles of personal property during her lifetime. The controlling rule is stated in *Simmons v. Fleming,* 157 N. C., 389, *Allen, J.,* as follows: "The rule seems to be that whenever personal property is given, in terms amounting to a residuary bequest, to be enjoyed by persons in succession, the interpretation the court puts upon the bequest is that the persons indicated are to enjoy the same in succession; and in order to give effect to its interpretation the court, as a general rule, will direct so much of it as is of a perishable nature to be converted into money by the executor, and the interest paid to the legatee for life and the principal to the person in remainder. (*Ritch v. Morris,* 78 N. C., 377), but when the bequest is specific and is not of the residuum, the executor should deliver the property to the one to whom it is given for life, taking an inventory and receipt for the benefit of the remainderman. *Williams v. Parker,* 84 N. C., 90; *Herring v. Williams,* 158 N. C., 1; *Ernul v. Ernul,* 191 N. C., 347; *Swain v. Spruill,* 57 N. C., 364. In *Swain v. Spruill, supra, Ruffin, J.,* says: "Where a testator expressly gives, specifically for life, with a limitation over, things which *ipso usu consumuntur* the court has no power to control the disposition of the testator by denying that use to the first taker which has been bestowed by the will, although it may impair the value or extinguish the existence of the thing itself, to the loss of the ulterior taker. It must be taken that the testator had considered the chances of benefit to those in remainder after the prior benefit bestowed by him on the first taker, and that he only meant to limit over those chances."

The gift of the money was in paragraph four of the will and provides that proceeds of notes and the sale of her farm after the payment of debts and certain legacies should be divided between testatrix' sisters

and brothers, or their children, the defendant being a sister. The defendant, under the terms of that paragraph, receives her share, if there is any, of the money remaining after the specified disbursements. There is no limitation of the gift in succession or otherwise. While the amount is to be determined the gift is specific—her share of the money after certain deductions are made.

It then becomes necessary to interpret the term "money if any" as used in the fifth paragraph. The words of gift in this paragraph relate only to the articles of personal property. The words "and money if any" are interpolated to indicate the desire of the testatrix that the limitation of the gift of the personal property shall apply likewise to the money bequeathed in the preceding paragraph. The language used put in proper sequence would read: "At her death these things, and money if any, are to come back to my estate." The terms used indicate the disposition of the property to be made as of the death of the devisee. So considered, "money if any" means so much of the money devised to her as shall remain at the time of her death. The term indicates the intent that the legacy shall be delivered, that it may be consumed and that no part thereof may remain at her death. That the bequest to the defendant was not intended as a residuary clause within the meaning of the rule laid down in *Simmons v. Fleming, supra,* seemed to be clearly indicated. After this gift she devised many other articles, and closes the will with a touch of pathos in the following language: "I wish I could will everything, but I am too tired." We are of the opinion that a proper interpretation of the language used in the fifth paragraph entitles the defendant to the possession of the *corpus* of the money devised to her. The authorities cited by plaintiffs are not in conflict with the opinion herein announced. The judgment below is

Reversed.