BLANCHE L. TOWNSEND vs. FELICIA WOOD.

Middlesex.    April 3, 1961. — April 28, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Executor and Administrator,* Widow's allowance.   *Widow.*

An allowance under G. L. c. 196, § 2, to an elderly widow having only a
"meager" income was excessive and could not stand where it was in a
substantial amount ten times the amount of the decedent's monthly living
expenses while he was supporting his household.

PETITION for a widow's allowance filed in the Probate
Court for the county of Middlesex on May 20, 1960.

The case was heard by *McMenimen, J.*

*Brooks Potter,* (*Henry G. Weaver, Jr.,* with him,) for the
respondent.

*Moses M. Frankel,* for the petitioner.

SPALDING, J.    This appeal is from a decree in the Probate
Court granting a widow's allowance of $15,000 to Blanche
L. Townsend, widow of Willis M. Townsend who died
testate on November 11, 1959.   The award was made after
an ex parte hearing at which only counsel for the widow
and the executors were present.   The appellant (the daugh-
ter of the deceased) is the life beneficiary of a residuary
trust established under the will.

The relevant findings of material facts are as follows.
"The estate is inventoried at, roughly, $250,000 in person-
alty and $28,500 in realty.   The deceased, during his life-
time, was living on approximately $1,500 a month employ-
ing a maid and gardening service.   There is a necessity to
keep the realty in up-to-date condition and, by the terms
of the will, there has been placed additional expenses on
the petitioner.   The petitioner, who is seventy years of
age, has a meager income and she asked for $15,000.   There
being no objection, I allowed the same . . . as reasonable
and necessary."

Since the evidence is not reported, the question is whether the material facts found by the judge support the decree, from the entry of which no fact not expressly found may be implied. *Sidlow* v. *Gosselin,* 310 Mass. 395, 397. *Carilli Constr. Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727.

The allowance provided by G. L. c. 196, § 2,[1] is designed " 'to provide for the necessities of the widow and minor children for a short time, until they have an opportunity to adjust themselves to their new situation.' " *Hooker* v. *Porter,* 273 Mass. 316, 318. *Dale* v. *Hanover Natl. Bank,* 155 Mass. 141, 144. *Glover* v. *Glover,* 215 Mass. 576, 577. Although the amount of the allowance cannot exceed what is required to meet these necessities, " 'many considerations must enter into the determination of it, and there is a wide field for the exercise of judicial discretion.' " *Hooker* v. *Porter, supra,* at page 318. We are of the opinion, however, that the award of $15,000 is not supported by the report of the material facts and cannot stand.

In determining the amount of the award, the judge should consider "all the circumstances of the case," including the standard of living to which the widow has been accustomed. G. L. c. 196, § 2. See *Dale* v. *Hanover Natl. Bank,* 155 Mass. 141, 145; *Glover* v. *Glover,* 215 Mass. 576, 581. Thus the decedent's living expenses and the widow's "meager" income were relevant factors, as were the costs of maintaining the family home to the extent, if at all, that such costs were not included in the estimate of the deceased's living expenses. We fail to see any relevance in the finding that "by the terms of the will . . . additional expenses" were imposed on the widow, for we find nothing in the will that can fairly be said to impose such expense. Nowhere in the report is there any basis for the conclusion that the widow needed the sum of $15,000 " 'for . . . necessities . . . for a short time' " until she had "an opportunity to adjust

---

[1] This section, so far as material, reads, "Such parts of the personal property of a deceased person as the probate court, having regard to all the circumstances of the case, may allow as necessaries to his widow for herself and for his family under her care . . . shall not be taken as assets for the payment of debts, legacies or charges of administration."

. . . [herself] to . . . [her] new situation." *Hooker* v. *Porter,* 273 Mass. 316, 318, 319. The award was either for necessaries for more than a "short time," which has been said to mean "a few weeks"[1] (*Adams* v. *Adams,* 10 Met. 170, 171; *Dale* v. *Hanover Natl. Bank,* 155 Mass. 141, 143; *Patterson* v. *Fine,* 287 Mass. 268, 271–272), or for more than necessaries, which the statute does not permit. G. L. c. 196, § 2.

We do not undertake to determine the amount that should be allowed; that is a matter to be determined by the Probate Court in the light of the principles set forth in this opinion.

*Decree reversed.*

---

[1] It was equivalent to ten months' living expenses of the deceased when he was supporting the household.