In re ESTATE of Joseph F. ABELY, Deceased.

William F. ABELEY, co-executor, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 73–1332.

United States Court of Appeals, First Circuit.

Heard Jan. 7, 1974.

Decided Jan. 17, 1974.

Donal O'Callaghan, Boston, Mass., with whom Condon, O'Callaghan & Doyle, Boston, Mass., was on brief, for petitioner.

Wesley J. Filer, Atty., Tax Div., Dept. of Justice, with whom Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, and Loring W. Post, Attys., Tax Div., Dept. of Justice, were on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Joseph F. Abely died domiciled in Massachusetts in March 1969, leaving a gross estate of $365,114. He was survived by a widow and three sons. The legacies to the widow were substantially less than what would have been allowed as a marital deduction for federal estate tax purposes. Internal Revenue Code of 1954, § 2056. A year and a half later the widow petitioned the probate court for a widow's allowance, Mass.G.L. c. 196, § 2, and in February 1971 a decree

was entered awarding her $50,000. No appeal was taken, and the payment was made. The Commissioner refused to allow a marital deduction therefor, claiming that a Massachusetts widow's allowance is contingent within the meaning of section 2056(b). Litigation followed in the Tax Court. The Commissioner was sustained, 60 T.C. 120 (1973), and the executor appeals.

■■ Appellant's citation of cases arising out of states where a widow's allowance is a vested right is misplaced. See discussion in Hamilton Nat'l Bank of Knoxville v. United States, 6 Cir., 1965, 353 F.2d 930. In Massachusetts the widow must survive the date of the decree of allowance. Adams v. Adams, 1845, 10 Metc. (51 Mass.) 170. This is consistent with its purpose, which is "to provide for the necessities of the widow for such a period after the death of her husband as will give her an opportunity to adjust herself to her new condition." Hooker v. Porter, 1930, 273 Mass. 316, 173 N.E. 588. Obviously, if she does not survive, she will not need the payment —a payment so special that it takes precedence even over creditors. Mass.G.L. c. 196, § 2. Since, viewed as of the date of the husband's death, the payment is contingent, it does not qualify for the marital deduction. Jackson v. United States, 1964, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871.

■■ The limited nature of a widow's allowance in Massachusetts compels a further conclusion in the case at bar, viz., that the award of $50,000, both as to amount and as to the date applied for, could not qualify as a bona fide widow's allowance within the Massachusetts statute. "This allowance [is] . . . . merely to furnish her with a reasonable maintenance for a few weeks, . . . always . . . of small amount," Dale v. Hanover Nat'l Bank, 1891, 155 Mass. 141, 143, 29 N.E. 371; "necessaries for . . . 'a short time,'" Townsend v. Wood, 1961, 342 Mass. 481, 483, 174 N.E.2d 420. This could not be $50,000, sought a year and a half after the husband's death. Hooker v. Porter,

ante. Whatever the motives of the heirs in perhaps assenting to, and in any event not appealing from a probate decree conspicuously outside of the scope of the statutory provision, the taxing powers of the government are not to be avoided by private arrangements contrary to the will even though they receive the gloss of a probate court decree. *See* Estate of Peyton v. Commissioner, 8 Cir., 1963, 323 F.2d 438; First-Mechanics Nat'l Bank of Trenton v. Commissioner, 3 Cir., 1940, 117 F.2d 127. Cf. Commissioner v. Estate of Bosch, 1967, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 295. By "will" we of course include the concept of statutory law, but only to the extent that the statute provides. Even if a statutory Massachusetts widow's allowance were to qualify for the marital deduction, a proposition we reject, the instant payment could not.

Affirmed.