ESTATE OF HERBERT C. NELSON, GLADYS NELSON CHARLSON, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Nelson v. Commissioner
Docket No. 10491-81.
United States Tax Court
T.C. Memo 1983-321; 1983 Tax Ct. Memo LEXIS 462; 46 T.C.M. (CCH) 377; T.C.M. (RIA) 83321; June 7, 1983. Bruce E. Bohlman, for the petitioner. Sue A. Nelson, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND *464 OPINION HAMBLEN, Judge: Respondent determined a deficiency of $80,575.59 in petitioner's Federal estate tax. After concessions, the sole issue for the decision is whether a testamentary disposition benefiting the decedent's spouse qualifies for the marital deduction under section 2056. [1]
All of the facts have been stipulated and are found accordingly. The decedent, Herbert C. Nelson, died on March 12, 1977. The personal representative of his estate and his surviving spouse, Gladys Nelson Charlson, resided in Thompson, North Dakota, when the petition in this case was filed. Petitioner filed its Federal estate tax return with the Internal Revenue Service on or about March 10, 1978. The decedent was a farmer. Pursuant to the decedent's last will and testament, the decedent's spouse, Gladys Nelson (Charlson), was given, devised, and bequeathed a life estate in the decedent's entire estate, real, personal, or mixed, wherever situated, with remainder over, in equal shares, to the decedent's three children. Among the property in which the decedent's spouse received *465 a life estate under the will were certain "crops on hand". The crops on hand at the time of the decedent's death had a total fair market value of $217,619.72, including crops with a value of $45,396.18 which had been grown on jointly owned property, broken down as follows: Fair Market
Value of
Total Fair
Crops Grown
Market Value
on Jointly
Crop
of Crops
Owned property
Sugar Beets
$ 8,736.00
$ 611.00
Kennebec Potatoes
20,600.00
5,150.00
Norland Seed Potatoes
11,250.00
10,012.50
Norchip Seed Potatoes
34,000.00
16,660.00
Durum Wheat
15,580.20
NONE
Hard Spring Wheat
107,693.52
8,615.48
Barley
19,760.00
4,347.20
Total
$217,619.72
$45,396.18
Such crops were subject to liens in the amount of $75,475.00, of which $8,381.60 was allocable to the crops grown on jointly owned property. On its estate tax return, petitioner claimed a deduction under section 2056 for "crops on hand" with a net value of $142,144.72 (217,619.72 - $72,475.00). In the notice of deficiency, respondent determined that petitioner was not entitled to the marital deduction for the crops on hand passing to decedent's surviving spouse because decedent's spouse *466 acquired a terminable interest in such property. [2]
We must determine whether petitioner is entitled to the marital deduction for the crops on hand bequeathed to the decedent's spouse under his will. Pursuant to his will, the decedent bequeathed a life estate in all of his property to his wife. This bequest included "crops on hand" that the decedent owned at the time of his death. Petitioner maintains that the decedent's spouse acquired an absolute interest in such property because the crops were by their very nature consumable and perishable. In addition, petitioner asserts that the decedent intended for his wife to sell the crops and use the proceeds from the sale to finance the operation of the family farm. Therefore, according to petitioner, the spouse's interest in the crops should qualify for the marital deduction under section 2056(b)(5). Respondent, *467 on the other hand, contends that petitioner is not entitled to the marital deduction for the crops on hand because the decedent's spouse received a nonqualifying terminable interest in such property. Pursuant to section 2056(a), the value of the taxable estate is determined by deducting from the value of the gross estate an amount equal to the value of any interest in property passing from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. This deduction is known as the "marital deduction." An estate is entitled to the marital deduction only with respect to a qualifying property interest passed from the decedent to his surviving spouse. A terminable interest in property may not qualify for the marital deduction. Sec. 2056(b)(1). Section 20.2056(b)-1(b), Estate Tax Regs., defines a "terminable interest" as "an interest which will terminate or fail on the lapse of time or on the occurrence or the failure to occur of some contingency," specifically referring to a life estate as an example of such an interest. Under section 2056(b)(1) a terminable interest in property will not qualify for the *468 marital deduction if (1) another interest in the same property passed from decedent to some other person for less than adequate consideration and (2) by reason of its passing such other person or his heirs or assigns may possess or enjoy any part of the property after the termination of the spouse's interest. Congress only intended to allow the marital deduction to a decedent's estate in those situations where the qualifying property interest "will be includible in the gross estate of the beneficiary or donee spouse unless it has been dissipated in the interval." S.Rept. No. 1013, 80th Cong., 2nd Sess., 1948-1 C.B. 285, 305. See also Estate of Holland v. Commissioner,64 T.C. 499, 502 (1975). Thus, the statute was designed so as to prevent qualifying property from escaping the estate tax a second time. Section 2056(b)(5) provides an exception to the terminable interest rule where a decedent passes a life estate to a surviving spouse together with a power in the spouse along to appoint the entire interest received to himself or his estate. See sec. 20.2056(b)-5, Estate Tax Regs. Under this exception, the life estate qualifies for the marital deduction *469 because the property interest passes completely to the surviving spouse and is includable in the gross estate of the surviving spouse unless disposed of in the interim. Senate Rept. No. 1013, supra;Estate of Holland v. Commissioner,supra at 503. Where a surviving spouse receives an interest in property under the decedent's will, the interest passing to such spouse must be ascertained from the will itself. Estate of Holland v. Commissioner,supra at 503. Whether the property interest so passing constitutes a disqualified terminable interest must be determined as of the time of the decedent's death considering the law of the jurisdiction under which the interest passes. Commissioner v. Estate of Bosch,387 U.S. 456 (1967); Estate of Abely v. Commissioner,60 T.C. 120, 123 (1973), affd. 489 F.2d 1327 (1st Cir. 1974). In the instant case, we must look to the law of North Dakota to determine the nature of the property interest passing to the decedent's spouse. We reject petitioner's attempt to characterize the interest in the "crops on hand" that the decedent passed to his surviving spouse *470 as anything other than a terminable interest. Pursuant to the decedent's will, his surviving spouse acquired only a life estate in his property without any power of appointment over such property. Petitioner, however, argues that she acquired an absolute interest or fee simple estate in the crops on hand at the decedent's death because such property will be consumed by use. Petitioner has not cited any North Dakota case law to support his position, but has relied on cases decided in other jurisdictions. It has been held that a specific bequest of a life estate in property which is consumed in the using gives the taker an absolute interest in such property. See Underwood v. Underwood,162 Ala. 553, 50 So. 305 (1909); Simmons v. Fleming,157 N.C. 389, 72 S.E. 1082 (1911). On the other hand, in the case of a general or residuary bequest of such property courts have held that, unless a contrary intention is manifested in the will, the property must be sold, the proceeds invested, and the income therefrom paid to the life tenant with the principal to be delivered to the remainderman upon the termination of the prior estate. [3] See Leach v. McCreary,183 Tenn. 128, 191 S.W.2d 176 (1945); *471 Bartlett v. Patton,33 W.Va. 71, 10 S.E. 21 (1889); but cf. Britt v. Smith,86 N.C. 305 (1882) (above rule held to be inapplicable to a universal legacy as distinguished from a general or residuary bequest). Some courts have exhibited an inclination not to apply the preceding rule where there is a slight indication that the testator intended the life tenant to retain and use the property. See, e.g., Leach v. McCreary,supra;McFadden v. Blair,42 Tenn. App. 434; 304 S.W.2d 93 (1956). [4] Nevertheless, even in those instances where a life tenant is entitled to retain in kind property which is consumable in its use and is unaccountable to the remainderman for property which is actually consumed by use, it has been held that upon the termination of life estate the remainderman takes any such property that has not been consumed. Dillen v. Fancher,102 S.W.2d 87 (Ark. 1937); Tax Commission of Ohio v. Oswald,109 Ohio St. 36, 141 N.E. 678 (1923); Munro v. Collins,95 Mo. 33, 7 S.W. 461 (1888); Healey v. Toppan,45 N.H. 243, 86 Am. Dec. 159 (1864). *472 On the record before us, which appears to involve only harvested crops, we cannot find that the decedent's spouse received an absolute interest in the crops on hand at his death and that the remainder over to his children is void as to such property. The decedent did not make a specific bequest of the crops on hand to his spouse. Furthermore, even if the decedent's spouse could retain the crops and somehow consume them, there is ample authority to support the proposition that anything remaining upon the termination of her life estate would belong to the remaindermen. Clearly, we cannot assume that nothing will remain to pass to the remaindermen upon the death of the decedent's wife. Thus, to allow the claimed marital deduction for such property would allow whatever remained at her death to escape the estate tax for a second time. Such a result *473 is contrary to the intent of Congress. Moreover, we do not believe that farm crops which were raised for sale and will eventually be sold constitute property that will be consumed through use. See In re Blakely's Estate,115 Kan. 644, 224 p.65 (1924), Dunbar v. Woodcock, 10 Leigh (Va.) 628 (1840). The crops were the product of the decedent's farming business, were raised to be sold at a profit, and would never be consumed by the decedent or his family. As such, there is no merit to petitioner's assertion that the decedent's spouse received an absolute interest in the crops on hand because they would be consumed by use. Whether the proceeds from the sale of such crops are invested in stocks, bonds, a money market fund, or the farm itself is irrelevant to the issue before us; the fact remains that the decedent's spouse acquired only a life estate therein and is only entitled to the income attributable to the investment of those funds. [5]
*474 Finally, we also reject petitioner's claim that the "crops on hand" qualify for the marital deduction under section 2056(b)(5). The decedent's will did not give his wife a power of appointment over any of his property. Specifically, she did not have the power to appoint the crops to herself or her estate or both. See sec. 20.2056(b)-5(g)(1). Even if she is entitled to consume such property under state law, any portion not consumed would pass to the remaindermen. Such a power to consume is not a power exercisable "in all events" within the meaning of section 2056(b)(5). United States v. Lincoln Rochester Trust Company,297 F.2d 891 (2d Cir. 1962); Estate of Peyton v. Commissioner,323 F.2d 438 (8th Cir. 1963), affg. a Memorandum Opinion of this Court; Estate of Field v. Commissioner,40 T.C. 802 (1963). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended.↩
2. Respondent concedes that the crops grown on jointly-owned property of the decedent and his spouse were not subject to the decedent's bequest of a life estate to his wife under his will since such property would pass directly to her and, therefore, that her interest in such property is not a terminable interest.↩
3. In adopting this rule the American courts have followed the English case of Howe v. Dartmouth,↩ 7 Ves Jr 137, 32 Eng Reprint 56 (1802). 4. See also 51 Am.Jur. 2d secs. 192-197 (1970); Page    , The Law of Wills, sec. 39.6-39.7 (1962); Annot., 77 A.L.R. 753; Annot., 170 A.L.R. 133↩.
5. We have carefully considered all of the cases cited by petitioner and found them readily distinguishable from the instant case. Specifically, petitioner has relied heavily on Markoff v. United States,187 F.Supp. 805 (D. R.I. 1960). Such reliance, however, is misplaced. In Markoff,↩ pursuant to the residuary clause in the decedent's will, his surviving spouse received a life estate in an automobile. The court held that the estate was entitled to the marital deduction for the automobile because it would be consumed by use and a Rhode Island statute provided that in the case of a bequest of personal property consumed by use, such bequest shall give the legatee an absolute estate in the property bequeathed. In the instant case, we neither have such a statute nor property that should be considered consumable in its use.